EVANS, VERNON W., Jr., Associate Judge.
Appellant challenges an order of the trial court awarding to appellee’s attorney a reasonable attorney’s fee for time expended in the preparation and trial of issues concerning the custody, visitation rights, and support of the parties’ minor children.
The parties were married in 1965 and were divorced in 1969 in Missouri. Two children were born to the parties, one prior to the 1969 divorce, and one thereafter. In 1977 the wife filed a petition for dissolution of the marriage in Seminole County, Florida, alleging that the Missouri divorce was a nullity due to the fraud of the husband. The trial court found that the wife had not overcome the presumption of the validity of the Missouri divorce and then went on to provide for the custody, visitation and support of the children. The court retained jurisdiction to determine the issue of allowance of attorney’s fees. On July 17, 1978, the trial court awarded the wife’s attorney a reasonable attorney’s fee. The court subsequently determined a reasonable fee for the service to be $3,593.85.
The issue is whether attorney’s fees can be awarded for time spent preparing and trying issues of child custody and support raised in a petition for dissolution of marriage when the parents are not married.
Chapter 61 of Florida Statutes entitled “Dissolution of Marriage,” Section 61.16 authorizing an award of attorney’s fees in dissolution proceedings clearly does not apply in the absence of the marriage relationship unless the matter before the court is one pertaining to enforcement or modification of a Florida judgment. The Missouri judgment was not subject to modification or enforcement in the court below because it had never been made a Florida judgment.
There is then no support in the statutory law of this state for the award of an attorney’s fee under the circumstances shown in this record. For a similar case see Kittel v. Kittel, 210 So.2d 1 (Fla.1968).
Accordingly, that portion of the final judgment here appealed by which attorney’s fees were fixed and awarded to appel-lee is reversed.
DAUKSCH, C. J., and ORFINGER, J., concur.