399 So.2d 1116 (1981)
Charlotte Anne SMITH, Appellant,
v.
Walter H. SMITH, Appellee.
No. 79-976.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
Ronald A. Luzim of Osinski, Beyer & Luzim, Coral Springs, for appellant.
Nancy J. Ryan, Sunrise, for appellee.
BERANEK, Judge.
This is an appeal by the former wife from an order granting modification of a child *1117 support obligation previously established at $100 per week by final judgment of dissolution. We reverse. The following chronology appears on the face of the pleadings:
April 14, 1977  parties divorced, final judgment set child support at $100 per week.
March 30, 1978  husband found in contempt for failure to pay child support; ruling deferred.
July 10, 1978  husband's initial petition to modify child support downward denied by court order. (This order is not the subject of the instant appeal.)
December 28, 1978  husband held in contempt for failure to pay child support.
March 2, 1979  husband's second petition for modification of child support.
April 2, 1979  order appealed from. This order granted modification and reduced child support.
The law of Florida is clear that when a party seeks modification of a prior final judgment to reduce child support the moving party has the rather heavy burden of demonstrating a substantial change in circumstances. Meltzer v. Meltzer, 356 So.2d 1263 (Fla.3d DCA 1978); and Burdack v. Burdack, 371 So.2d 528 (Fla.2d DCA 1979). In the instant case we conclude there was insufficient evidence of a substantial change in the financial circumstances of these parties.
Further, the chronology of proceedings does not support the order granting modification. The parties were divorced in early 1977, and the husband's continuing ability to pay child support was thereafter reaffirmed in three subsequent court orders. The husband was twice found subject to contempt for his failure to pay child support and his prior petition for modification of child support was denied. The husband's persistence was finally rewarded when he filed his second request for modification of March 2, 1979. This modification request occurred just slightly over two months after he had been found able to pay child support by the order of December 28, 1978. The husband's March 2, 1979, request for modification did not allege any specific change in the preceding two months but was instead directed at the entire period of time which had elapsed from entry of the final judgment. In the absence of some specific change in the two-month period in question, modification should have been denied. The former husband should not have been allowed to argue that child support should never have been set at $100 per week in the original final judgment. Acceptance of this position rendered the final judgment and the prior three unappealed court orders ineffectual. The initial final judgment on child support was arrived at by stipulation. The trial court may not remake a settlement agreement and should not modify the child support provisions of such an agreement in the absence of a showing of a substantial change in circumstances. Martinez v. Martinez, 383 So.2d 1153 (Fla.3d DCA 1980). The order granting modification is reversed.
REVERSED.
DOWNEY, J., concurs.
HURLEY, J., dissents without opinion.