BOARDMAN, Judge.
Gary A. Robinson (the husband) appeals a postjudgment order granting a motion for attorney’s fees to appellant’s ex-wife. We reverse.
The parties’ marriage was terminated by default, and the final judgment of dissolution did not provide for attorney’s fees. Subsequently, the trial court granted the wife’s motion for attorney’s fees in a separate action brought by the husband seeking to enjoin the wife from pursuing an alimony suit she had instituted in North Carolina. The trial court denied injunctive relief to the husband and provisionally granted the wife’s motion for attorney’s fees incurred in defending against the petition for injunc *415 tion, the amount to be determined later based on a showing of need.
Section 61.16, Florida Statutes (1981) provides that a party may be entitled to reasonable attorney's fees in any proceeding under Chapter 61. However, the statute does not apply in the absence of a marital relationship unless the matter pertains to an enforcement or modification of the final divorce decree. Kang v. Kang, 386 So.2d 602 (Fla. 5th DCA 1980).
Inasmuch as the parties’ marriage had previously been terminated without any award of attorney’s fees and the present action did not concern enforcement or modification of the judgment of dissolution, an award of attorney’s fees pursuant to section 61.16 was not authorized.
Accordingly, the order granting the wife’s motion for attorney’s fees is REVERSED.
HOBSON, A. C. J., and DANAHY, J„ concur.