482 So.2d 523 (1986)
Ned R. FAYSON, Appellant,
v.
Emma Lee FAYSON, Appellee.
No. 85-92.
District Court of Appeal of Florida, Fifth District.
January 30, 1986.
*524 Scott R. Corbett, and Donald R. Corbett, Orlando, for appellant.
Robert G. Murrell, of Sam E. Murrell & Sons, Orlando, for appellee.
UPCHURCH, Judge.
Ned Fayson appeals from an order modifying a final judgment of dissolution. We conclude that the trial court lacked jurisdiction to consider the wife's petition for modification and accordingly reverse.
The marriage of Ned and Emma Fayson was dissolved in October, 1975. The wife was awarded custody of the parties' two minor children and was granted exclusive possession of the jointly owned marital house as long as either minor child was dependent and lived with her. The wife was required to make all of the mortgage payments on the home beginning November, 1975. The court ordered that the wife would receive credit for such payments and that her equity would be increased in proportion to the extent that the principal was reduced. The husband was ordered to pay $35.00 per week child support beginning November, 1975. In 1983, the judgment was modified and the child support was increased from $35.00 to $75.00 per week.
In February, 1984, the wife petitioned for modification and for entry of a judgment for one-half of the costs for repairs, insurance and taxes for the marital home. The wife listed expenses of $5,708.47 consisting of roof repairs, plumbing repairs, house painting, shrubbery, burglary bars and doors, and miscellaneous repairs. The wife requested that the husband contribute to the repairs and maintenance, that child support be increased, and that the court enter a judgment for one-half of the expenses attributable to the husband's one-half interest in the marital home. In December, 1984, the trial court granted the wife's petition and entered a judgment in her favor for $4,941.75, that amount being one-half of the major repairs and upkeep of the marital home. The court also awarded the wife attorney's fees in the amount of $750.
On appeal, the husband questions whether the trial court had jurisdiction to entertain the wife's petition and to enter judgment. *525 He contends that the petition did not seek to modify anything but only asked for a money judgment for past expenses. We agree.
Under our rules of procedure, a pleading which sets forth a claim for relief must contain a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Fla.R.Civ.P. 1.110(b). The wife's petition does not contain a statement setting forth the basis for the court's jurisdiction. Presumably the wife concluded that the court already had jurisdiction by virtue of the prior dissolution proceedings and hence the claim needed no new grounds of jurisdiction to support it.
It is true that a trial court has continuing jurisdiction to modify child support obligations. § 61.14, Fla. Stat. (1983). Here, the husband was ordered to pay a specific amount of child support but the final judgment of dissolution did not require the husband to make capital improvements or repairs on the marital home. Thus the relief sought by the wife did not constitute an enforcement or modification of the dissolution proceedings[1] and accordingly the trial court lacked jurisdiction to entertain the petition.
Even assuming that the court had jurisdiction, the wife was not entitled to reimbursement for past repairs, taxes and insurance. A trial court can only modify support payments prospectively from the time a petition for modification is filed. Benson v. Benson, 369 So.2d 99 (Fla. 5th DCA 1979); Alterman v. Alterman, 208 So.2d 472 (Fla. 3d DCA 1968). In the present case, all the expenses, with the exception of the air-conditioning unit, were incurred prior to the petition for modification which was filed February 27, 1984. Thus, requiring the husband to pay for these would amount to an improper retroactive modification of his support duty. In addition, the wife failed to establish a substantial change in circumstances since her last petition for modification in May, 1983. Rather, the wife sought essentially the same relief in the February, 1984, petition for modification. In the absence of some specific change since the 1983 petition, modification should have been denied. Smith v. Smith, 399 So.2d 1116 (Fla. 4th DCA 1981).
The award of attorney's fees to the wife was also error. Section 61.16, Florida Statutes (1983) provides for the award of attorney's fees in dissolution proceedings, including enforcement and modification proceedings. Here the action brought by the wife was not an action to modify or enforce a dissolution decree and hence the wife was not entitled to fees. Even if this section were applicable, the wife is not entitled to fees because she had the same, if not superior, ability to secure legal counsel. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Horton v. Horton, 433 So.2d 1386 (Fla. 5th DCA 1983).
REVERSED.
COBB, C.J., and VANN, H.R., Associate Judge, concur.
NOTES
[1] The wife, however, may be entitled to relief from the husband as a tenant in common in a separate proceeding.