PER CURIAM.
We reverse the order of the trial court which enforced an amended final judgment by requiring the former wife to transfer her interest in a jointly owned parcel of real property to her former husband. It is clear from the face of the record that the amended final judgment, for whatever reason, did not, on its face, award the wife’s interest in the property to the husband. Therefore, the court lacked jurisdiction, sixteen months later, to adjudicate rights to property not mentioned in the judgment, absent a reservation of jurisdiction for that purpose. Cf. Davis v. Dieujuste, 496 So.2d 806 (Fla.1986); Horne v. Horne, 417 So.2d 324 (Fla. 4th DCA 1982), rev. denied, 429 So.2d 6 (Fla.1983); Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970). The order was, in effect, a modification rather than an enforcement of the judgment.
We note that an appeal of the amended final judgment remains pending. Therefore, this opinion does not consider, and is without prejudice to, the rights, if any, that either party may have pursuant to rule 1.540(b) of the Florida Rules of Civil Procedure, or otherwise, upon issuance of a mandate in that appeal.
LETTS, GUNTHER and STONE, JJ., concur.