KAHN, Judge.
The appellant/former husband appeals from the trial court’s order denying his petition for declaratory relief and awarding attorney’s fees to the appellee/former wife. We affirm in part and reverse in part.
The parties were divorced in April 1988. The final judgment awarded exclusive possession of the marital home to the former wife for the benefit of the minor child until the minor child reached the age of majority, the former wife remarried, or the minor child ceased living in the home. In November 1989, the primary physical residence of the minor child was changed to be with the former husband, and the marital home was subsequently sold. Before the sale proceeds were disbursed, the former husband filed a petition for declaratory relief pursuant to Chapter 86, Florida Statutes (1989), alleging that he was entitled to rent from the former wife for the period of time after the minor child ceased living in the marital home until it was sold and that he was not liable for any repairs to the marital home he did not authorize. The former wife defended and sought attorney’s fees under § 57.105 and § 61.16, Florida Statutes (1989). After a hearing on the petition, the trial court found he had jurisdiction under Chapters 61 and 86, Florida Statutes (1989). The court denied the former husband’s petition, finding that the claim for rent was a breach of appellant’s agreement with the former wife in which he had abandoned his request for rent and further that no ouster occurred. The trial court also awarded attorney’s fees to the former wife.
The former husband asserts that the trial court erred in (1) awarding attorney’s fees to the former wife under Chapter 61, Florida Statutes (1989) based upon her successful defense of the claim for rent and repairs, and (2) awarding less than the requested amount of attorney’s fees without setting forth specific findings.
As to the first issue, we hold that the trial court did not have a basis under Chapter 61 to adjudicate the questions of rent and repairs. The former wife’s reliance upon Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988), is misplaced, since Brandt truly involved an action by one former spouse for reimbursement pursuant to a final judgment of dissolution which incorporated by reference an agreement setting out the respective parties’ obligations with regard to the property. In the present case, the former husband simply petitioned the court to determine the rent owed by one tenant in common to another, based upon the former husband’s argument that the former wife’s actions constituted ouster as to him.
The parties’ stipulation, dated November 13, 1989, does not confer jurisdiction upon the court. This document was entitled “Stipulation Regarding Minor Child.” All but one paragraph of this stipulation dealt with custody and support of the minor child. Paragraph 8, however, concerned an agreement between the parties for listing *461 the former marital residence for sale. Paragraph 8 recited that the parties had agreed upon a listing agent and price. The former husband was to make immediate payment for one half of major repairs on the property, but as to minor repairs ($50 or less) the wife would be entitled to receive a credit at closing. This portion of the stipulation was not adopted by the court through the mechanism of a court order. The parties had already become tenants in common by operation of law, and the wife’s right to exclusive occupancy under the terms of the original divorce decree expired when the minor child no longer lived in the marital home.
The former husband’s petition for declaratory relief was not founded upon the jurisdiction acquired by the court over the parties in the divorce proceedings. It was nothing more than a complaint filed by one cotenant against another.[1] The statute allowing fees for proceedings related to dissolution of marriage, § 61.16, Florida Statutes (1989), does not apply in the absence of a marital relationship unless the matter pertains to an enforcement or modification of the final decree. See Kittel v. Kittel, 210 So.2d 1 (Fla.1967); Robinson v. Swaim, 419 So.2d 414 (Fla. 2d DCA 1982). Accordingly, we reverse the award of attorney’s fees. We find, however, that further proceedings are required.
The order of the trial court awarding attorney’s fees did not specify under which provision such fees were awardable.[2] Since the former wife requested attorney’s fees under § 61.16 and § 57.105, Florida Statutes (1989), we remand the case to the trial court for a factual determination as to whether attorney’s fees were awardable under § 57.105.[3]
As to the second issue, we find no error in the procedure followed by the trial court in determining the amount of the attorney’s fees. The trial court made specific findings as to the hourly rate and hours expended, and actually awarded less than the amount requested. Implicit in this award is the finding that the former wife should have borne at least a portion of her own fees.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.

. We express no opinion as to the propriety of a declaratory judgment action to determine issues of ouster and rent due as between cotenants.

. The trial court specifically noted in its final judgment that (1) Mr. Battista breached his stipulation with his former wife by even bringing the claim for rent, but having done so, he was allowed full opportunity to present evidence on the issue; (2) he failed to present any evidence to support his claim that any of the former wife’s acts of possession were inconsistent with or exclusive of his rights as a cotenant; (3) he failed to present any evidence from which a reasonable rent value of the property could be determined; and (4) his pleadings and evidence "fell so far below the standard required by Florida case law to meet his burden, that the court admonishes plaintiff for the waste of time, money and judicial resources necessitated to litigate this claim.”

.Section 57.105(1), Fla.Stat. (1989) provides:
The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party’s attorney is not personally responsible if he has acted in good faith, based on the representations of his client.