PER CURIAM.
We reverse the main appeal and remand with direction to consider an award of attor *1047 ney’s fees to appellant. We affirm appellee’s cross-appeal.
The parties’ dissolution was resolved by agreement. However, over a year after the parties’ 1990 dissolution of marriage, the mother sought relief because of changed circumstances. While the parties’ marital settlement agreement had provided that the parties’ then seven-year-old son would live with his father and that the mother would receive no child support, their lives changed considerably after the dissolution. The mother moved to Georgia and the parties’ son desired to live with her.
Prior to final hearing on the mother’s post-dissolution pleadings, she sought and obtained a temporary attorney’s fee. When the trial court later amended the final judgment by naming the mother as custodial parent, it reserved jurisdiction to award attorney’s fees and costs. Upon the mother’s filing her motion for same, the father then raised, for the first time, the following provision from the parties’ 1990 marital settlement agreement:
15. ATTORNEY’S FEES. Each party agrees to bear their own attorney’s fees and costs in connection with the negotiation and execution of this Agreement and all previous and subsequent proceedings.
The trial court denied the mother’s motion based on the above language.
Paragraph 15 of the parties’ agreement should not have controlled in this situation, and the trial court is directed, on remand, to proceed in accordance with Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986), modified on other grounds, Tietig v. Boggs, 602 So.2d 1250 (Fla.1992).
GLICKSTEIN, FARMER, JJ., and HUBBART, PHILLIP A., Associate Judge, concur.