738 So.2d 485 (1999)
Lora J. GERHARDT, Appellant,
v.
Mark GERHARDT, Appellee.
No. 97-1298.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Rehearing Denied September 28, 1999.
Bruce H. Little of Bruce H. Little, P.A., Fort Lauderdale, for appellant.
Andrew L. Salvage of Andrew L. Salvage, P.A., Fort Lauderdale, for appellee.

ON 9.400(c) MOTION TO REVIEW ATTORNEY'S FEES
STEVENSON, J.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), the former wife seeks review of an order denying her motion for appellate attorney's fees. The denial was predicated upon the trial court's finding that the instant case is governed by this court's earlier opinion in Spano v. Spano, 698 So.2d 324 (Fla. 4th DCA 1997). We find Spano inapplicable and reverse.
In Spano, some three years after the final judgment of dissolution, the wife filed a proceeding pursuant to Florida Rule of Civil Procedure 1.540, seeking to set aside a property settlement agreement. Although the trial court refused to set aside the property settlement agreement, it did award the former wife attorney's fees citing need and ability to pay. This court held that the proceeding brought by the former wife was not an enforcement or *486 modification proceeding brought pursuant to chapter 61 and, thus, that the award of fees was not authorized.
Unlike Spano, the instant case does not involve a post-dissolution attempt to set aside a property settlement agreement. Rather, the instant case involves an initial divorce proceeding brought pursuant to chapter 61, during which the former husband sought to establish that he and his former wife had orally agreed to a distribution of the marital assets. As such, chapter 61, section 61.16, authorizes an award of appellate attorney's fees where there is need and ability to pay. Accordingly, we reverse the trial court's denial of the former wife's motion for appellate attorney's fees and remand with instructions that the trial court make such an award of fees if the former wife can demonstrate need and ability to pay.
Because the transcripts of the hearings reflect that the trial court and counsel seemed somewhat puzzled by what we meant by our order granting the motion for attorney's fees and remanding for the trial court to "determine need and ability and, if necessary, the amount of reasonable attorney's fees on appeal,"[1] we draw the trial court's attention to White v. White, 683 So.2d 510 (Fla. 4th DCA 1996), on reh'g en banc, 695 So.2d 381 (Fla. 4th DCA 1997)(adopting prior panel decision), disapproved in part by Rosen v. Rosen, 696 So.2d 697 (Fla.1997):[2]
[W]hen we grant a motion for appellate attorney's fees founded on section 61.16, we have no way of knowing how great is the need to equalize the access to legal services, nor how great is the ability to pay. In one case the need may be modest but the ability unlimited; while in another the need may be great but the ability modest; in still another the need and ability are similar; and in yet another there may be little or no need or ability. All of these permutations are for the finder of fact, the trial court, to sort out.
Hence, a blanket grant of a motion for appellate attorney's fees under section 61.16 is, unless we expressly say otherwise in the order granting the motion, a determination of only whether the matter of appellate fees should be further addressed by the trial court. It represents our tentative conclusion that the moving party should be given a chance to show that he or she needs help from the adverse party as to some or all of the appellate fees reasonably incurred and, if the need is proven, that the paying party has the ability to defray some or all of the moving party's fees. We have then concluded preliminarily that an apparent, or prima facie, basis for a fee award exists under section 61.16, but that the final award is subject to a determination of need and ability by the trial judge. It is not an apportionment decision by us of the moving party's needs or the paying party's ability, any more than it represents a decision by us as to the amount of the fees deemed reasonable.
683 So.2d at 512-13 (emphasis in original).
Accordingly, the order on appeal is reversed, and this cause remanded for further proceedings.
REVERSED and REMANDED.
POLEN and GROSS, JJ., concur.
NOTES
[1] [Mr. Little/Wife's counsel]: The Fourth District Court of Appeal granted former wife's motion for attorney's fees, and remanded to this Court for determination as to need and ability.

[The Court]: Does that mean that they found entitlement to her?
[Mr. Little]: Well, that's an interesting argument.
[2] Rosen disapproved White to the extent that White held that "results obtained and/or the prevailing party factors" may not be considered in determining whether to award attorney's fees pursuant to Florida Statutes section 61.16. 696 So.2d at 700.