750 So.2d 77 (1999)
Ben Wilson BANE, Appellant,
v.
Consuella Kathleen BANE, Appellee.
No. 98-02291.
District Court of Appeal of Florida, Second District.
November 10, 1999.
Arnold D. Levine of Levine, Hirsch, Segall & Brennan, P.A., Tampa, for Appellant.
David A. Maney and Lorena L. Kiely of Maney, Damsker & Jones, P.A., Tampa, for Appellee.
BLUE, Judge.
Ben Wilson Bane, the former husband, appeals the award of attorney's fees and costs to Consuella Kathleen Bane, the former wife. The fees and costs in this dissolution of marriage action were incurred by the Former Wife in her successful effort to set aside a final judgment incorporating a property settlement agreement that she contended was the product of the Former Husband's misrepresentation and coercion. *78 We reverse for a hearing, at which time the trial court shall consider all of the factors outlined in Rosen v. Rosen, 696 So.2d 697 (Fla.1997), before making a decision on fees.
A full recitation of the facts is unnecessary except for the procedural posture of this case in its various stages. Less than three months after signing a settlement agreement, the Former Wife filed a motion to vacate the final judgment of dissolution under Florida Rule of Civil Procedure 1.540. The trial court granted relief and this court affirmed. See Bane v. Bane, 701 So.2d 872 (Fla. 2d DCA 1997) (table citation). Subsequently, the parties proceeded with the dissolution proceedings. During that time, the Former Wife sought to recover the attorney's fees and costs that she incurred for the Rule 1.540 proceedings and appeal.
In Spano v. Spano, 698 So.2d 324 (Fla. 4th DCA 1997), the Fourth District held that there is no basis to award attorney's fees for a Rule 1.540 attack on a property settlement agreement. Notwithstanding Spano, the trial court[1] granted the Former Wife's motion for fees, concluding that although Spano appeared to be directly on point, it was wrongly decided. This was clear error. Because there was no decision by the Second District on this issue, the trial court was bound to follow the Fourth District's opinion. See Pardo v. State, 596 So.2d 665, 666 (Fla. 1992) (explaining that "in the absence of interdistrict conflict, district court decisions bind all Florida trial courts").
Although it was error to fail to follow the binding precedent of the Fourth District, we do not reverse on this basis because we also disagree with Spano. We have reviewed Spano and the Florida Supreme Court's opinion in Rosen. Based on Rosen, we conclude that fees are not precluded for a proceeding to vacate a final judgment of dissolution and property settlement agreement because the attorney's fees provision in chapter 61, Florida Statutes, is to be "liberallynot restrictively construed." 696 So.2d at 700. Even the Fourth District recognized that fees might be warranted in some cases[2] and noted that the Rosen factors would need to be consulted prior to making any such fee award. See Spano, 698 So.2d at 328-29. We hold that chapter 61 authorizes an award of attorney's fees for a proceeding to set aside a property settlement agreement that was the product of one party's fraud. Accordingly, we certify conflict with Spano.
From our limited record on appeal, however, we are not able to tell whether the successor judge reviewed the entire record of the proceedings before awarding fees or reviewed only the order granting the Former Wife relief under Rule 1.540. We are also unable to determine whether the judge weighed all of the Rosen factors in awarding these fees. In awarding fees under section 61.16:
[T]he financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.
Rosen, 696 So.2d at 700. We note that this is a case where need and ability to pay *79 are completely irrelevant. It appears from our review that the trial court relied on one Rosen factor only, the Former Husband's misconduct. The record, however, indicates that the Former Wife was not blameless and her negligence played a part in the way the case progressed. Accordingly, we reverse the award of $246,390.98 in attorney's fees and costs. On remand the trial court shall consider the record as a whole in light of this opinion and the supreme court's opinion in Rosen.
Reversed and remanded for further proceedings; conflict certified.
THREADGILL, A.C.J., and PARKER, J., Concur.
NOTES
[1] We note that the judge who ruled on the motion for fees was not the same judge who vacated the final judgment.
[2] "[E]ven assuming that in some rare case the party moving to set it aside might arguably qualify for preliminary legal fees under section 61.16 simply to undertake the effort of convincing a judge that the agreement should be cancelled, there is absolutely no justification in our mind to allow that unsuccessful party to recover fees when the attempt is later found without merit." Spano v. Spano, 698 So.2d 324, 328 (Fla. 4th DCA 1997).