775 So.2d 938 (2000)
Ben Wilson BANE, Petitioner,
v.
Consuella Kathleen BANE, Respondent.
No. SC99-93.
Supreme Court of Florida.
November 22, 2000.
*939 Arnold D. Levine of Levine, Hirsch, Segall & Brennan, P.A., Tampa, Florida, for Petitioner.
David A. Maney and Lorena L. Kiely of Maney, Damsker & Jones, P.A., Tampa, Florida, for Respondent.
PARIENTE, J.
We have for review the decision in Bane v. Bane, 750 So.2d 77 (Fla. 2d DCA 1999), which the district court certified to be in conflict with the opinion in Spano v. Spano, 698 So.2d 324 (Fla. 4th DCA 1997). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The conflict issue presented by this case is whether section 61.16, Florida Statutes (1999), authorizes an award of attorney's fees for proceedings pursuant to a rule 1.540(b) motion[1] to set *940 aside a property settlement agreement that was the product of fraud.
Ben Wilson Bane ("former husband") and Consuella Kathleen Bane ("former wife") entered into a property settlement agreement that was incorporated into a final judgment of dissolution of marriage. Less than three months after she signed the settlement agreement, the former wife filed a rule 1.540(b) motion to vacate the final judgment of dissolution, claiming that the settlement agreement was the product of her former husband's misrepresentation and coercion. See Bane, 750 So.2d at 77-78. After a hearing, the trial court granted the former wife's motion and ordered that the settlement agreement be "VACATED and set aside [and that t]he parties may replead the case." On appeal, the Second District affirmed the trial court. See Bane v. Bane, 701 So.2d 872 (Fla. 2d DCA 1997) (table citation).
The parties then continued with the dissolution proceedings. During the dissolution proceedings, the former wife filed a motion seeking to recover the attorney's fees that she incurred in connection with the motion to set aside the property settlement agreement, including the trial proceedings and appeal. See Bane, 750 So.2d at 78. The trial court granted this motion and awarded the former wife attorney's fees. See id.
On appeal, the Second District held that "chapter 61 authorizes an award of attorney's fees for a proceeding to set aside a property settlement agreement that was the product of one party's fraud." Id. Relying on language from our decision in Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the Second District reasoned that "fees are not precluded for a proceeding to vacate a final judgment of dissolution and property settlement agreement because the attorney's fees provision in chapter 61, Florida Statutes, is to be `liberallynot restrictivelyconstrued.'" Id. (quoting Rosen, 696 So.2d at 700). In addition, the Second District declined to follow the Fourth District's opinion in Spano, 698 So.2d at 324, which held that there was no basis to award fees pursuant to chapter 61, Florida Statutes, for a rule 1.540 attack on a property settlement agreement.[2] Accordingly, the Second District certified conflict with Spano, but noted that "[e]ven the Fourth District recognized that fees might be warranted in some cases." Bane, 750 So.2d at 78.
Generally, a court may only award attorney's fees when such fees are "expressly provided for by statute, rule, or contract."[3]Hubbel v. Aetna Cas. & Sur. *941 Co., 758 So.2d 94, 97 (Fla.2000). Chapter 61, entitled "Dissolution of Marriage; Support; Custody," contains such a provision, which authorizes attorney's fees in all actions governed by that chapter. See § 61.16(1); Rosen, 696 So.2d at 699. In particular, section 61.16(1), Florida Statutes, provides in pertinent part:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
(Emphasis supplied.) "The purpose of this section is to ensure that both parties will have a similar ability to obtain competent legal counsel." Rosen, 696 So.2d at 699. As we explained in Rosen, "section 61.16 should be liberallynot restrictivelyconstrued to allow consideration of any factor necessary to provide justice and ensure equity between the parties." Id. at 700.
According to the provisions of section 61.16(1), courts may award fees for "maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings." Despite this seemingly broad language, the Fourth District in Spano relied upon this provision in section 61.16 to reverse an award of fees, concluding that a rule 1.540 proceeding to set aside a property settlement agreement is not a proceeding under chapter 61. 698 So.2d at 327.
We disagree. A rule 1.540 motion to vacate a final judgment is not an independent action, but a motion filed in the underlying proceeding. See DeClaire v. Yohanan, 453 So.2d 375, 378 (Fla.1984). As we explained in DeClaire, when relief from a judgment is sought by a rule 1.540 motion, "the motion is filed in the action in which the judgment was rendered." Id. In contrast, where relief is sought by an independent action, the independent action is not a continuation of the action in which the underlying judgment was entered. See id.
When a court vacates a judgment pursuant to a rule 1.540 motion, the effect of that ruling is to return the case and the parties to the same position that they were in before the court entered the judgment. See Adelhelm v. Dougherty, 129 Fla. 680, 684, 176 So. 775, 777 (1937); Zwakhals v. Senft, 206 So.2d 62, 63 (Fla. 4th DCA 1968); see also 33 Fla. Jur.2d Judgments and Decrees § 356 (1994). In fact, the one exception to the rule of absolute finality is rule 1.540, "which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances." Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986).
Accordingly, when a party files, in the underlying dissolution proceeding, a motion to set aside the final judgment pursuant to rule 1.540(b) based on the fraudulent conduct of a party, we construe that motion to be a proceeding under chapter 61. We distinguish other cases in which courts denied section 61.16 fees where the proceedings were not filed under chapter 61 and did not pertain to enforcement or modification of the final judgment of dissolution. See, e.g., Battista v. Battista, 585 So.2d 459 (Fla. 1st DCA 1991); Robinson v. Swaim, 419 So.2d 414, 415 (Fla. 2d DCA 1982). In Battista, for example, the First District reversed an award of fees under section 61.16 in a separate action for declaratory judgment in which the former husband alleged that he was entitled to rent from his former wife. 585 So.2d at 461. The Battista court premised the denial of fees on its determination that the "petition for declaratory relief was not founded upon the jurisdiction acquired by the court over the parties in the divorce *942 proceedings" and that section 61.16 "does not apply in the absence of a marital relationship unless the matter pertains to an enforcement or modification of the final decree." Id. Similarly, in Robinson, the Second District reversed the award of fees under section 61.16 in the former husband's separate action seeking to enjoin the former wife from filing a suit for alimony in North Carolina because this second action did not concern the enforcement or modification of the prior decree and the original judgment of dissolution did not provide for attorneys' fees. 419 So.2d at 415. Cf. Fortner v. Fortner, 631 So.2d 327, 328 (Fla. 2d DCA 1994) (award of fees was proper because even though bankruptcy proceeding was a separate action, it constituted an "enforcement" proceeding "under" chapter 61); Kass v. Kass, 560 So.2d 293, 294 (Fla. 4th DCA 1990) (non-dissolution lawsuits were "so intertwined with the dissolution litigation" that they were "part and parcel of the domestic strife" and therefore the award of chapter 61 fees was not erroneous).[4]
In this case, the former wife's rule 1.540 motion was properly filed in the dissolution action based on the jurisdiction acquired over the parties in the dissolution proceeding. Although the dissolution proceeding was final when the motion was filed, at the time that the trial court granted the motion, the court ordered that the settlement agreement be "VACATED and set aside [and that t]he parties may replead the case." Accordingly, once the trial court set aside the settlement agreement, the agreement itself did not preclude the court from awarding fees, and fees were not otherwise precluded under section 61.16 as long as that award complied with the considerations enunciated by this Court in Rosen,[5] We therefore approve the Second District's decision in Bane.[6]
*943 Our approval of Bane does not necessarily lead to the conclusion that we must disagree with the result in Spano. In Bane, the trial court set aside the property settlement agreement and vacated the final judgment because of the improper actions of the former husband. In contrast, in Spano, the former wife was not successful in her motion to set aside the property settlement agreement, and therefore the former wife's rights were governed by the property settlement agreement. In fact, the Spano court determined that the fee provision in the settlement agreement would not entitle the former wife to fees. 698 So.2d at 325. Thus, because the property settlement agreement governed the former wife's rights to fees, the attorney's fees provisions of section 61.16 was not applicable.[7]
Our analysis is consistent with the purpose of chapter 61. An award of fees despite the existence of a binding settlement agreement would be inconsistent with one of the primary purposes of chapter 61, which is "[t]o promote the amicable settlement of disputes." § 61.001(b), Fla. Stat. (1999). We agree with Judge Farmer's observations in Spano:
The policy of deference to settlements should apply with special force to consent judgments for property division in divorce cases. The law strongly encourages voluntary resolutions in all cases, but in no area is this more true than when the parties seek to dissolve their marriage.
Society has the strongest possible interest in seeing the end of discord among family members and between the parents of young children. Indeed we have provided an entire set of forms and rules for uncontested dissolution of marriage cases, and we require mediation in all contested ones. To settle these cases is blessed. The preference for settlements would be undermined if a contracting party could financewith the funds of the party seeking to uphold the agreementunsuccessful proceedings to undo such agreements simply by showing need and ability to pay.
698 So.2d at 328. Nothing in our holding today conflicts with these policy goals.
Our reasoning also addresses the Fourth District's concern in Spano that a party should not be rewarded for meritless actions in seeking to void a valid and binding settlement agreement. See 698 So.2d at 328. As the Fourth District noted, "even if somehow this could be characterized as a proceeding arising under chapter 61," our decision in Rosen would require that the award be reversed because "it is clear that the trial court considered only need and ability, and gave no thought to whether equitable factors, including who prevailed and the nature of the proceeding brought by the fee seeking party." Id.
Lastly, our reasoning is consistent with the legislative direction that the provisions of chapter 61 are to be "liberally construed and applied," § 61.001(1), and also with our holding in Rosen that section 61.16 should be "liberallynot restrictively construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties." 696 So.2d at 700. Certainly awarding attorney's fees to a party whose spouse has been found to have concealed a material fact or to have coerced a spouse to enter into a settlement agreement is consistent with providing justice and ensuring equity between the parties. Moreover, the Fourth District in Spano acknowledged that there might be the possibility of "some rare case" where "the party moving to set it aside might arguably qualify for *944 preliminary legal fees under section 61.16 simply to undertake the effort of convincing a judge that the agreement should be cancelled." 698 So.2d at 328.
In summary, we hold that section 61.16 authorizes an award of attorney's fees for a rule 1.540(b) motion to set aside a property settlement agreement that was the product of one party's fraud. Accordingly, we approve the decision of the Second District in Bane. We disapprove Spano insofar as it can be read to stand for the blanket proposition that a court is precluded as a matter of law from awarding attorney's fees under section 61.16 for a rule 1.540(b) proceeding to set aside a property settlement agreement.[8]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.540(b) provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
(Emphasis supplied.) Florida Family Law Rule of Procedure 12.540 provides that rule 1.540 "shall govern general provisions concerning relief from judgment, decrees, or orders, except that there shall be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases."
[2] Although the Second District agreed with the trial court's decision to award attorney's fees, the Second District observed that the trial court erred in failing to follow the Fourth District's opinion in Spano because there was no decision by the Second District on this issue and therefore the trial court was bound to follow the Fourth District's decision. See Bane, 750 So.2d at 78 (citing Pardo v. State, 596 So.2d 665, 666 (Fla.1992)) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts.").
[3] In very limited circumstances, courts are also authorized to award fees based upon the misconduct of a party. See Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998) (explaining that although "rarely applicable," the "inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith").
[4] The former husband has brought to our attention Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000), and Baumgartner v. Baumgartner, 693 So.2d 84 (Fla. 2d DCA 1997), in which the Second District held that attorney's fees could not be awarded in a domestic violence injunction case. The First and Third Districts have reached the same conclusion. See Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997); Abraham v. Abraham, 700 So.2d 421 (Fla. 3d DCA 1997). In reaching this determination, the court in Lewis made clear that the domestic violence injunction proceedings were not actions under chapter 61, but were instead separate proceedings under chapter 741, Florida Statues, which does not contain a provision authorizing attorney's fees. 689 So.2d at 1273-74; see also Belmont, 761 So.2d at 407 (citing Lewis); Abraham, 700 So.2d at 421 & n. 1 (chapter 61 fees improper for services rendered in a domestic violence proceeding that was filed and litigated before the dissolution petition was filed); Baumgartner, 693 So.2d at 85-86 (same). Thus, the important distinction between these cases and the present case is that the cases concerning domestic violence injunction proceedings all involved an independent action under chapter 741, and none of the actions were filed under chapter 61 or pertained to enforcement or modification of the final judgment of dissolution. In making this distinction, we note that the issue of whether attorney's fees are authorized in a domestic violence injunction proceeding is not before us, and therefore we neither approve nor disapprove of these cases.
[5] In Rosen, this Court discussed what factors should be evaluated when awarding fees under section 61.16:

[T]he financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.
696 So.2d at 700.
[6] Along with certifying conflict and finding that section 61.16 authorized an award of attorney's fees, the Second District in Bane also reversed and remanded for further proceedings, finding that based upon its "limited record on appeal," it was unable "to tell whether the successor judge reviewed the entire record of the proceedings before awarding fees or reviewed only the order granting the Former Wife relief under Rule 1.540." 750 So.2d at 78. In addition, the Second District stated that it was unable to determine whether the judge weighed all of the Rosen factors in awarding the fees, and that it appeared that the trial judge only relied upon one Rosen factor: the former husband's misconduct. See id. at 78-79. Accordingly, the Second District directed the trial court on remand to "consider the record as a whole in light of this opinion and the supreme court's opinion in Rosen." Id. at 79.
[7] As the Spano court pointed out, the former husband arguably may have been entitled to fees under the attorney's fees provisions in the settlement agreement. 698 So.2d at 325.
[8] We expressly do not resolve the conflict noted by the Fourth District in Spano as to whether attorney's fees are authorized for post-judgment modifications of property distributions, see Spano, 698 So.2d at 328, n. 5, as that issue is not the basis for our jurisdiction in this case and no party has briefed that issue.