PER CURIAM.
Sherry Randazzo (former wife) appeals an order reimbursing Jimmy Randazzo (former husband) overpayment of child support and awarding him attorney’s fees. We affirm.
Several years after the parties’ marriage was dissolved, former husband moved pursuant to the marital settlement agreement to recalculate child support, asserting that the eldest child graduated from high school. The matter was referred to a general magistrate. The magistrate recalculated child support to $925 per month. In calculating former husband’s gross monthly income, the magistrate relied on pay stubs and his testimony that he, a police detective, had earned regular overtime in the past. The magistrate dismissed former husband’s testimony that overtime would be irregular in the future because of a change in policy that made it harder for police officers to accrue overtime, and that, in fact, he had seen his own overtime income drop substantially. There was some dispute on when the child had actually graduated, but the magistrate determined that the child graduated on June 6, 2008. The magistrate ordered the reduction in child support retroactive to that date and reserved jurisdiction on overpayment.
The trial court ultimately held a hearing on overpayment. Former wife has not provided a transcript of the hearing, at which she, former husband, and former husband’s attorney testified. The trial court issued an order finding that former husband had overpaid child support and reimbursing him for the amount. The court based its calculation on a monthly share of support figure for former husband of $729, apparently drawn from a child support worksheet assuming a scenario where former husband earned no overtime. Additionally, the court ordered former wife to pay a portion of former husband’s attorney’s fees and costs. Citing section 61.16, Florida Statutes (2009), Rosen v. Rosen, 696 So.2d 697 (Fla.1997), and other authorities, the court concluded that former wife was responsible for a portion of the fees due to conduct that caused former husband to unreasonably and unnecessarily incur those fees. Citing Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), and considering the Rowe factors, the court arrived at a reasonable hourly fee and reasonable number of hours expended.
Former wife argues that (1) the trial court improperly substituted its judgment for that of the magistrate’s when it used a figure for monthly child support payments different than the magistrate’s and (2) the court erred in awarding former husband attorney’s fees.
First, we reject former wife’s argument that the trial court erred in using a different figure than the magistrate. Former wife’s failure to furnish a transcript of the evidentiary hearing before the trial court precludes our intelligent review of this mixed question of fact and law. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Skipper v. Skipper, 654 So.2d 1181, 1182 (Fla. 3d DCA 1995) (treating question of overtime as mixed question of fact and law).
Former wife argues, however, that the claimed error is apparent on the face *986 of the order. See, e.g., Wofford v. Wofford, 20 So.3d 470, 474 (Fla. 4th DCA 2009) (exception to Applegate “where errors appear on the face of the judgment”). Assuming that is true, and based on the limited record before us, we cannot say the order is facially erroneous. A trial court can reject a magistrate’s recommendations if the magistrate has misconceived the legal effect of the evidence. See Dent v. Dent, 438 So.2d 903, 904 (Fla. 4th DCA 1983). The rule for including overtime earnings in gross income is that such earnings should be included when they will be regularly available as a source of income in the future. E.g., Butler v. Brewster, 629 So.2d 1092, 1092-93 (Fla. 4th DCA 1994). Applying that rule, the trial court could have properly found that the magistrate misconceived the legal effect of the former husband’s testimony — i.e., that it would be much more difficult for him to earn overtime in the future — and relied on a figure that assumed he would not earn overtime.
Second, we reject former wife’s argument that the trial court erred in awarding former husband attorney’s fees and costs. Contrary to her argument, the trial court made sufficient findings. It cited Rowe and made findings on the reasonable hourly rate and the number of hours reasonably expended. See Campbell v. Campbell, 46 So.3d 1221, 1222 (Fla. 4th DCA 2010) (a trial court must make findings concerning the reasonable hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors). Further, the court’s order cited the basis for the award, section 61.16, and demonstrated that it considered the Rosen factors, as it specifically cited to that case.[1] The court also made a finding for why former husband was entitled to an award; namely, former wife’s conduct caused former husband to incur unreasonable and unnecessary fees and costs.
The cases former wife relies on are distinguishable. Unlike the order in Van Epps v. Hartzell, 934 So.2d 590 (Fla. 5th DCA 2006), which did not state the basis for the award or contain any findings, the order in this case stated a basis for the award, section 61.16, and contained supporting findings. Unlike the order in Bane v. Bane, 750 So.2d 77 (Fla. 2d DCA 1999), approved, 775 So.2d 938 (Fla.2000), the order here makes clear that the trial court considered the Rosen factors; further, this case does not involve the assignment of a successor judge and whether such judge considered the whole record in evaluating the parties’ respective conduct. Finally, in Wilkinson v. Wilkinson, 714 So.2d 524 (Fla. 5th DCA 1998), the fifth district did not reverse the order at issue in that case on the basis that the trial court found only that the husband had asserted “.unreasonable positions”; rather, having already determined to reverse on another ground, the fifth district offered its own view, for the trial court’s benefit on remand, on whether the finding was supported by competent, substantial evidence.

Affirmed.

WARNER, GROSS and TAYLOR, JJ., concur.

. The trial court did not need to make findings on the parties’ financial needs and abilities to pay. See Becker v. Becker, 778 So.2d 438, 439 (Fla. 1st DCA 2001) (holding that, although "the record on appeal does not indicate the trial court made an express finding regarding the husband’s ability to pay the fees, such a finding was not required under the circumstances,” because the court made the award based on the husband's inequitable conduct).