561 So.2d 1318 (1990)
MARINO & GOODMAN, P.A., Appellants,
v.
Kimberly CHAPMAN, et al., Appellees.
No. 89-1019.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
Rehearing Denied June 22, 1990.
Gary M. Farmer of Gary M. Farmer, P.A., Fort Lauderdale, for appellants.
Andrew M. Leinoff, P.A., Coral Gables, and Mark A. Gatica of Mark A. Gatica, P.A., Miami, for appellees.
GARRETT, Judge.
The law firm of Marino and Goodman, P.A., seek review of the trial court's denial of their motion for an award of attorney's fees.
They sought entry of a permanent injunction and a restraining order on behalf of the mother to obtain custody of her child from appellee Horatio Benedict Blades (Blades). In response, Blades filed a petition for a declaratory judgment of paternity and custody. The trial court declared Blades to be the child's natural father and awarded him permanent custody. The trial judge denied appellant's post judgment motion for attorney's fees and found that "it [was] inappropriate ... for [Blades] to assume *1319 the responsibility for any portion of [the mother's] attorney's fees" because her action was not for dissolution of marriage and she was not the prevailing complainant in a paternity case.
As held in Hornsby v. Newman, 444 So.2d 90, 91 (Fla. 4th DCA 1984), we also hold that the mother's action "bears the indicia of a Chapter 742 paternity proceeding and, therefore, is subject to its provisions."
We distinguish Stump v. Foresi, 486 So.2d 62 (Fla. 4th DCA 1986), where the natural mother only defended against the natural father's action for declaration of parental rights and duties. Also, we note that since Stump, section 742.031, Florida Statutes (Supp. 1988), has been amended to read in part:

If appropriate, the court shall order the father to pay the complainant, her guardian, or any other person assuming responsibility for the child moneys sufficient to pay reasonable attorney fees ...
(emphasis added). As amended, the statute now vests a trial court with discretion to award attorney's fees.
Accordingly, we reverse and remand for further proceedings so that the trial court can exercise its discretion as to whether attorney's fees should be awarded to the mother.
ANSTEAD and GUNTHER, JJ., concur.