691 So.2d 488 (1997)
Carl Peter BAUMGARTNER, Appellant,
v.
Sibylle BAUMGARTNER, on Behalf of minor children, Appellee.
No. 96-01973.
District Court of Appeal of Florida, Second District.
February 17, 1997.
Rehearing Denied March 10, 1997.
David F. Garber of Garber & Jay, P.A., Naples, for Appellant.
Victoria M. Ho of Asbell, Coleman & Ho, P.A., Naples, for Appellee.
ALTENBERND, Acting Chief Judge.
To expedite this opinion, we withdraw our order consolidating this appeal with case number 96-03101, a subsequent appeal concerning entitlement to attorneys' fees. It appears that Sibylle Baumgartner may be *489 relying on the erroneous provisions in the trial court's domestic violence injunction to defy a German court order requiring her to return the parties' children, who are residents and citizens of Germany, to the custody of their father in Germany. We affirm the entry of the injunction, but reverse all subsections of section II of the trial court's order, except portions A and B. We also reverse that portion of the order which places the children's Swiss passports with the Domestic Violence Unit, and order the trial court to conduct a hearing within ten days to determine whether the children's passports must be returned to their father and to determine what steps, if any, it must take in light of the German court orders and international law.
Carl Peter Baumgartner and Sibylle Baumgartner are German citizens who had a pending German divorce and custody action when they separately came to Florida on a short vacation in April 1996. Mrs. Baumgartner brought the couple's three children to Naples, Florida, during their spring break from school. The couple had a domestic altercation over who would use their condominium and who would have custody of the children during this vacation. Mr. Baumgartner was arrested and taken to jail. Mrs. Baumgartner subsequently obtained a temporary and a permanent injunction for protection against domestic violence pursuant to section 741.30, Florida Statutes (1995).
We affirm the subsections of the permanent injunction that enjoin Mr. Baumgartner from committing any act of domestic violence in Florida during the one-year term of that injunction. Although the facts were disputed and the evidence was not extensive, Mrs. Baumgartner did establish the elements of this statutory cause of action, i.e., that she had reasonable cause to believe she may become the victim of domestic violence. See Rey v. Perez-Gurri, 662 So.2d 1328 (Fla. 3d DCA 1995), review denied, 675 So.2d 121 (Fla.1996). We cannot reweigh the trial court's factual findings on these issues. Tsavaris v. NCNB Nat'l Bank, 497 So.2d 1338 (Fla. 2d DCA 1986).
We reverse the remaining portions of the order which purport to award Mrs. Baumgartner custody of the children and prevent their removal from Florida for a one-year period beginning May 6, 1996. We also reverse the provisions that removed the children's Swiss passports from their father.
Mrs. Baumgartner filed a facially invalid Uniform Child Custody Jurisdiction Act affidavit. See Florida Family Law Rule of Procedure Form 12.901(f). The affidavit claims that the children's "home state" is "Germany and Naples." There is no question that Naples, Florida, is merely a location that these children were visiting for a short vacation at the same time a German court was considering custody issues relating to these children. See § 61.1348, Fla. Stat. (1995); Stock v. Stock, 677 So.2d 1341 (Fla. 4th DCA 1996). At the April 30, 1996, hearing on the permanent injunction, Mr. Baumgartner's attorney advised the trial court that the German court had already entered an order on April 25 requiring Mrs. Baumgartner to immediately return these children to Germany. Mrs. Baumgartner's attorney represented that the German court would hear Mrs. Baumgartner's objections and reconsider its order on May 8, 1996. A formal request to take judicial notice of that order was filed prior to the entry of the injunction on May 6, 1996. At the same hearing, the trial judge could not locate the UCCJA affidavit but was assured by Mrs. Baumgartner's attorney that it was "properly filled out" when the temporary injunction was obtained. It is clear that the trial judge intended to preserve the children's status quo only for a few days until the hearing could occur in Germany. There is nothing in this record to suggest that the trial judge intended to interfere with the German court's jurisdiction. Nevertheless, the briefing submitted to this court indicated that the children have never returned to Germany.
In light of these troubling circumstances, this court ordered the parties to provide a status report concerning the location of the children and the parties' compliance with orders from the German court. We have been advised that the children are still in Florida with Mrs. Baumgartner. We have received copies of an additional order from the German court declaring that the "retention of the children in Florida by [Mrs. Baumgartner] is illegal within the meaning of Article 3 of the Hague Convention."
*490 This court does not question a trial court's authority to enter a domestic violence injunction to protect a spouse inside Florida, even if that person is here temporarily. Such temporary protection, however, does not include holding children hostage for a year in possible violation of international law. This court cannot take evidence and determine the truth of the matters represented to us in this appeal. The issues, however, are serious and must be resolved immediately. We have been informed that an additional action, case number 96-21-2-CA-01, has been filed in Collier County to enforce the German orders. We order that the two circuit court proceedings be consolidated and a hearing conducted within ten days to determine Mr. Baumgartner's right to regain the Swiss passports and his right to gain custody of his children under the applicable law. On Mr. Baumgartner's motion, this hearing may be delayed until a later date. This hearing shall not be delayed by any motion for rehearing filed in this court by Mrs. Baumgartner. The motions for attorneys' fees filed in this appeal are transferred to appeal number 96-3101 and shall be addressed when that appeal is resolved.
Affirmed in part, reversed in part, and remanded with directions to conduct a hearing within ten days of this opinion.
BLUE and NORTHCUTT, JJ., concur.