689 So.2d 1271 (1997)
James H. LEWIS, III, Appellant,
v.
Laurie M. LEWIS, Appellee.
Nos. 96-2905, 96-2907.
District Court of Appeal of Florida, First District.
March 20, 1997.
Robert A. McNeely of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, for appellant.
Paula L. Walborsky, Tallahassee, for appellee.
WOLF, Judge.
Husband appeals from an injunction against domestic violence which, among other things, awards custody of the parties' two minor children to the wife, appellee. The issue is whether the trial court erred by entering the injunction and awarding child custody without providing for an adequate hearing pursuant to section 741.30, Florida Statutes. We find that sections 741.30(5) and (6), Florida Statutes, and rule 12.610(c), Family Law Rules of Procedure, require at least that a party shall have a reasonable opportunity to present their case. In the instant case, the husband was deprived of that opportunity. We, therefore, reverse and *1272 remand for further proceedings. We also deny wife's request for attorney's fees because there is no statutory authorization to grant such fees as part of a proceeding brought pursuant to section 741.30, Florida Statutes (Supp.1996).
On June 13, 1996, the appellee moved out of the marital home in Tallahassee to Crestview, Florida. On June 17, 1996, the appellee filed a petition for injunction for protection against domestic violence in Leon County, alleging that the appellant, Mr. Lewis, had provoked arguments, bullied her, and physically battered her in the presence of the parties' two minor children. An ex parte temporary injunction against domestic violence was entered the same day which included a notice of hearing set for June 28, 1996, 11 days later. The appellant was served with the petition, injunction, and notice of hearing on June 17, 1996.
On June 26, 1996, two days before the scheduled hearing, appellant filed a petition for injunction for protection against domestic violence against his wife. The petition and notice of hearing were served on the appellee the day before the hearing. The judge permitted both petitions to be heard at the hearing on June 28, 1996. Following a brief hearing, the trial court awarded the appellee, Mrs. Lewis, temporary custody of the two minor children, ages two and four, and issued both parties permanent injunctions against domestic violence.
In this case, without first dealing with the question of temporary custody, the court went immediately into a discussion of visitation. After the court began discussing visitation, appellants' counsel interjected,
I believe that both the Family Rules of Procedure and the domestic violence statute call, at this point, forwhat the family law rule says is a full evidentiary hearing be conducted in the same manner and on the same basis as provided in chapter 61.
The court's immediate response was
I will just issue a temporary order to try to get something fashioned between these parties so that they can get on with their lives.
Then the court went back to a consideration of visitation. At that point in the proceedings, the issue of custody had not yet been addressed by the trial judge at all. In fact, the issue of custody was not specifically addressed by the trial judge before his decision was announced.
The court stated its decision in regard to temporary custody of the children on the record as follows:
Then I'm going to make a temporary finding that the children will primarily reside with the mother, based on [the fact that] she has offered more frequent access to the children and that was what the court was attempting to solicit.
Following the announcement of its decision on custody, the court let it be known that it was not going to hear testimony from any witnesses even though there were witnesses present in the courtroom ready to testify:
[Y]ou have lots of witnesses here and I'm sure that they would all like to say something but we're on fairly limited proceedings....
The trial court's perception of this permanent injunction hearing as "limited proceedings" is punctuated in at least two other places in the transcript; for example, in response to appellant's counsel arguing to the court, "It is our position that without a full evidentiary hearing, that ruling [custody] is improper," the court stated,
In that respect, a decision has been made.... As far as this domestic violence proceeding is concerned, I have addressed it as well as I can, given the time frame.
The trial court was well aware that it was limiting the parties from presenting evidence. The court invited the parties to "reentertain another temporary proceeding in the divorce proceeding once it is filed," or
If someone wants to take an appeal, they are free to, if they want, to move to have this proceeding heard separately. They are free to do that and give it more time; but as I said, I'm satisfied from my experience and from the brief testimony of the parties that we have fashioned a temporary order that is workable for them and *1273 the children and that is all that we can hope to do today....
Instead of receiving testimony and evidence at this permanent injunction hearing, the court put off the full hearing until the dissolution proceeding, even though counsel for appellant informed the court, "I have enough information right now to present a full evidentiary hearing." The court's response to appellant's counsel was as follows:
My advice to the parties and to counsel, and I am advising both of these partiesI presume that a divorce proceeding will be filed and in that divorce proceeding we will begin to divide your property and settle the children's issue.
If there is a desire by both parents to seek the primary residency of the children, then the court will generally require a parenting evaluation....
So that would be the next step, and if you all wish to go ahead and jump to that stage, I would invite you to do that so that you avoid unnecessary legal proceedings. But if you come to me and you both say that you want to be a primary residency parent, I will be happy to listen to all of the evidence....
In focusing on a future hearing to be conducted at the time of dissolution, the court ignored the law which requires custody to be addressed at a permanent injunction hearing "on the same basis as provided in chapter 61[in] awarding temporary custody ...." § 741.30(6)(a)3, Fla.Stat.
We are not unsympathetic to the time constraints faced by trial courts. We also recognize that experienced and well-meaning trial judges may feel that they have received enough information to make an informed decision concerning custody. We cannot, however, ignore the dictates of the Florida Statutes and Family Law Rules as well as the requirements of fundamental due process concerning procedures to be utilized in making this critical decision.
In regard to permanent injunctions in domestic violence cases, such as the one at issue in the instant case, rule 12.610(c)(1)(B), Florida Rules of Family Law Procedure, contains one plain unambiguous sentence: A full evidentiary hearing shall be conducted. Section 741.30, Florida Statutes, also anticipates a "full hearing" prior to issuing a permanent injunction. Section 741.30(5)(a) states that "the court may grant a temporary injunction ex parte, pending a full hearing. ..." (Emphasis added). The anticipated full hearing is the permanent injunction hearing to be held within 15 days of the ex parte injunction. § 741.30(5)(c). In regard to permanent injunctions, the statute provides,

Upon notice and hearing, the court may grant such relief as the court deems proper, including an injunction:
. . . .
3. On the same basis as provided in chapter 61, awarding temporary custody of or temporary visitation rights with regard to a minor child or children of the parties.
§ 741.30(6)(a), Fla.Stat. (emphasis added).
We find that the constitution, statute and rules at the very least require that parties will have a reasonable opportunity to present their case prior to the court making its decision. While this standard does not mean that a trial court may not reasonably regulate the amount of testimony and amount of time necessary to be utilized in deciding a particular case, in the instant case, the trial court did not allow any testimony of witnesses who were present or cross-examination of the parties. This constituted error.
Appellee moves for appellate attorney's fees pursuant to rule 9.400(a) and (b), Florida Rules of Appellate Procedure, and chapter 61, Florida Statutes. The appellate rule is a vehicle for requesting appellate fees, but does not provide independent authority for granting attorney's fees. See Greynolds Park Manor, Inc. v. Department of Health and Rehabilitative Servs., 491 So.2d 1157 (Fla. 1st DCA 1986).
Section 61.16(1), Florida Statutes, provides for attorney's fees for "maintaining or defending any proceeding under this chapter, including ... appeals." The instant case involves a chapter 741 proceeding and not a chapter 61 proceeding. Chapter 741 contains no provision authorizing the award of attorney's fees.
*1274 The wife relies on Kass v. Kass, 560 So.2d 293 (Fla. 4th DCA 1990), and Fortner v. Fortner, 631 So.2d 327 (Fla. 2d DCA 1994), for authority that the court may award attorney's fees for a separate action which is intertwined with domestic litigation under chapter 61, Florida Statutes. We find both of these cases to be inapplicable. In Fortner, there was a finding that the separate proceeding was merely an enforcement mechanism for an existing final judgment entered pursuant to chapter 61. In Kass, it appears that the litigation involved entities solely owned by the husband and were connected with the equitable distribution process of a pending chapter 61 proceedings. In the instant case, it is unclear whether there was a pending chapter 61 proceeding. It cannot be said that this proceeding involved enforcement or facilitation of a chapter 61 proceeding. The domestic violence proceeding is an action independent of the dissolution process. Appellee's request for appellate attorney's fees is denied.
In denying this request, we are not unaware that many of the public policy reasons for granting attorney's fees in a chapter 61 proceeding exist in a domestic violence proceeding. This is a matter, however, that should be dealt with by the Legislature rather than the courts.
JOANOS and VAN NORTWICK, JJ., concur.