693 So.2d 84 (1997)
Carl Peter BAUMGARTNER, Appellant,
v.
Sibylle BAUMGARTNER, on Behalf of minor children, Appellee.
No. 96-03101.
District Court of Appeal of Florida, Second District.
May 2, 1997.
*85 David F. Garber of Garber & Jay, P.A., Naples, for Appellant.
Victoria M. Ho of Asbell, Coleman & Ho, P.A., Naples, for Appellee.
ALTENBERND, Acting Chief Judge.
Carl Peter Baumgartner appeals the trial court's "Judgment of Attorney's Fees" entered in an action to obtain an injunction for protection against domestic violence pursuant to section 741.30, Florida Statutes (1995). Recently, this court affirmed the basic injunction, but reversed portions of the injunction that interfered with a German court's authority to resolve child custody issues. Baumgartner v. Baumgartner, 691 So.2d 488 (Fla. 2d DCA 1997). We now reverse the award of attorneys' fees because neither section 741.30 nor chapter 61, Florida Statutes (1995), provides a basis for the fees in this case.
As explained in our prior opinion, Mr. Baumgartner and Sibylle Baumgartner are German citizens who had a pending German divorce and custody action when they separately came to Florida on a short vacation in April 1996. The couple had a domestic altercation on April 3, 1996, over who would use their condominium and who would have custody of the children during this vacation. As a result of the altercation, on April 4, 1996, Mrs. Baumgartner petitioned for an injunction for protection against domestic violence pursuant to section 741.30. The trial court entered a temporary injunction on that date. After an evidentiary hearing, a permanent injunction was entered on May 6, 1996.
Mrs. Baumgartner filed her petition on the standard printed form with handwritten entries. The petition does not request attorneys' fees. Although her lawyers' time records reflect that they helped her fill out the various forms needed to obtain this injunction, they did not make an appearance on her behalf when the petition was filed.[1] They first appear in subsequent pleadings. Apparently, they made an oral motion for fees prior to the conclusion of an evidentiary hearing on April 30, 1996. The trial judge reserved ruling on attorneys' fees at that hearing. On May 6, Mrs. Baumgartner's attorneys filed their motion for fees. After a hearing in June, the trial court entered its final judgment solely for the purpose of awarding Mrs. Baumgartner attorneys' fees in the amount of $7,972.62.
The cause of action created in section 741.30 does not provide for an award of attorneys' fees. Moreover, the statute clearly contemplates a streamlined pro se proceeding. It expressly mandates that clerks of court shall "assist" the petitioners in seeking the injunction. § 741.30(2)(c), Fla.Stat. (1995). Standardized forms are utilized, and the clerks of court are trained to provide "effective assistance." § 741.30(2)(c)(6), Fla. Stat. (1995). By contrast, if a petitioner needs additional judicial protection after a violation of such an injunction, then the statute provides for an award of economic damages, including "costs and attorneys' fees." § 741.31, Fla.Stat. (1995).
Mrs. Baumgartner's attorneys recognize the general rule that an award of attorneys' fees is in derogation of the common law and is allowed only when provided for by contract or statute. See Rivera v. Deauville Hotel, 277 So.2d 265 (Fla.1973). They argue that an award of attorneys' fees is justified because *86 this statutory cause of action is similar to a divorce proceeding and can be equated with an award of support. They cite cases in which awards have been allowed in annulments, Gilvary v. Gilvary, 648 So.2d 317 (Fla. 3d DCA 1995), custody and paternity actions, Marino & Goodman, P.A. v. Chapman, 561 So.2d 1318 (Fla. 4th DCA 1990), Hornsby v. Newman, 444 So.2d 90 (Fla. 4th DCA 1984), and modifications of child support in paternity disputes, P.A.G. v. A.F., 602 So.2d 1259 (Fla.1992). We conclude that those cases are distinguishable because the cause of action created by section 741.30 is utilized in many situations which either do not or cannot result in a divorce proceeding under chapter 61. The statutory domestic violence injunction is not designed or intended to resolve the complex family issues determined in divorce, paternity, or annulment proceedings.
We are not called upon in this case to determine whether an attorney could recover fees in a chapter 61 proceeding for time expended helping a client obtain a necessary injunction under section 741.30 at the inception of the divorce. But see Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997) (concluding chapter 61 does not authorize award of attorneys' fees in a chapter 741 proceeding). Nor do we know whether either party in this proceeding can make a claim in the pending German divorce proceeding for the fees incurred in this dispute. From Florida's perspective, this case should have involved nothing more than an injunction to protect foreign citizens during a brief spring vacation and perhaps during any future visits to the state.
We cannot imply a right to attorneys' fees under this statute, especially given the legislature's efforts to minimize the involvement of attorneys in its enforcement. We are fully aware that attorneys often become involved in these proceedings. Indeed, the Hillsborough Association of Women Lawyers recently received a well deserved award from the Hillsborough County Bar Association for its extensive pro bono work in helping victims obtain domestic violence injunctions. See HCBA Lawyer, Vol. 7, No. 7, April 1997, at 31. Providing trial courts with the discretion to award attorneys' fees in appropriate cases would certainly encourage greater reliance upon this statute. Nevertheless, the power to amend this statutory cause of action belongs to the legislature.
Reversed and remanded.
BLUE and NORTHCUTT, JJ., concur.
NOTES
[1] The law firm's time records reflect that Mrs. Baumgartner retained their services in February, about the same time as the divorce was filed in Germany. They did not receive fees for work prior to this petition because that work concerned protection of marital property in the United States.