761 So.2d 406 (2000)
William S. BELMONT, Appellant/Cross-Appellee,
v.
Tonya A. BELMONT, Appellee/Cross-Appellant.
Nos. 2D98-1561, 2D98-1864 and 2D98-2386.
District Court of Appeal of Florida, Second District.
May 12, 2000.
Rehearing Denied June 16, 2000.
*407 Cynthia L. Greene of Law Offices of Cynthia L. Greene, P.A., Miami, and Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellant/Cross-Appellee.
Marjorie A. Schmoyer, Sarasota, for Appellee/Cross-Appellant.
WHATLEY, Judge.
The husband, William S. Belmont, appeals and the wife, Tonya A. Belmont, cross-appeals the second amended final judgment of dissolution of marriage. Of the numerous issues raised by each party, we find merit in two of the husband's issues and in one of the wife's issues. We reverse in part, affirm in part, and remand. At the time of the dissolution of the parties' sixteen-year marriage, the husband was 62 years of age and the wife was 46 years of age. No children were born of the marriage. The husband is a practicing ophthalmologist who earned an annual income of between $207,000 and $252,000 at the time of the dissolution. The wife is a registered nurse who was working part-time earning $16 per hour at the time of the dissolution. The wife was intermittently employed during the marriage. The trial court imputed a minimum annual income to her of $30,000.
The parties lived a lavish lifestyle, which included a $1.2 million home, a 34 foot boat, many trips, fine furnishings, expensive clothes, private club memberships, and frequent parties. As equitable distribution, the final judgment awarded each party marital assets worth $1,459,826. The wife also received $3,000 per month in permanent alimony, and the husband was required to pay 75% of her attorney's fees and costs. The husband departed the marriage with almost $900,000 in nonmarital assets.
We first address the issues raised by the husband in which we find merit. We agree with the husband that the amount of attorney's fees the trial court determined were reasonably incurred by the wife's attorney must be recalculated to eliminate those fees charged for time spent on activities for which the husband should not be assessed. Attorney's fees cannot be awarded for services rendered by counsel in a separately filed domestic violence injunction case. See Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997). Accordingly, upon remand the trial court is directed to eliminate from the fee award any fees attributed to time the wife's counsel spent on the domestic violence injunction case. The trial court is also directed to eliminate from the fee award any fees attributed to time the wife's Polk County counsel spent traveling to and from Sarasota County. The wife could and did hire competent counsel in Sarasota County. See Chandler v. Chandler, 330 So.2d 190 (Fla. 2d DCA 1976). Lastly, the trial court is directed to eliminate from the fee award any time attributed to the wife's counsel's physical removal of items from the marital home.
We note that both parties argued that the other party should have been required to pay all of the wife's attorney's fees. In awarding attorney's fees, "the financial resources of the parties are the primary factor to be considered." Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997). Here, the wife received a sizable equitable distribution award, yet her income is markedly less than that of the husband. The husband also has $900,000 in nonmarital funds. Accordingly, with the exception of the factors we have previously set forth, we find no abuse of discretion in the trial *408 court's award to the wife of 75% of her attorney's fee.
We also agree with the husband's argument that the trial court erred in awarding the wife, as part of the equitable distribution scheme, a home on Manasota Key that was his prior to the marriage and which remains titled solely in his name. Section 61.075(1), Florida Statutes (1997), which governs equitable distribution of property, requires the trial court to "set apart to each spouse that spouse's nonmarital assets and liabilities. ..." Nonmarital assets may not be conveyed, absent agreement, to the non-owning spouse in equitable distribution. See Pollack v. Pollack, 517 So.2d 707 (Fla. 4th DCA 1987). Although this issue was first raised at oral argument, we are not precluded from addressing it because it is the equivalent of fundamental error. Accordingly, we reverse the award to the wife of the Manasota Key home. The undisputed evidence shows that the great majority of the appreciation in the value of this asset was passive appreciation. A minor amount of the appreciation in value was attributable to nonpassive, marital efforts. On remand, the trial court shall determine the amount of that nonpassive appreciation and it only shall be treated as a marital asset. See § 61.075(5)(a)2, Fla. Stat. (1997).
We do not agree with the husband's argument that the trial court erred in declaring two annuities he purchased to be marital assets. The basis of the husband's argument was that the funds he used to purchase the annuities came from sales of nonmarital property. The trial court found, however, that the proceeds of the sales of the nonmarital properties were commingled with the parties' marital funds when they were deposited into a joint marital account. The court noted that the wife testified that the funds in the joint account were used to pay the parties' expenses as well as to purchase the two annuities. Money loses its nonmarital character when it is commingled with marital money and becomes untraceable. See Williams v. Williams, 686 So.2d 805, 808 (Fla. 4th DCA 1997). The trial court rejected the husband's evidence of the purported traceability of the proceeds of the sales of his nonmarital property. The trial court's ruling was correct because money is fungible, see Williams Management Enter., Inc. v. Buonauro, 489 So.2d 160, 163 (Fla. 5th DCA 1986), and most difficult to trace. See Steiner v. Steiner, 746 So.2d 1149, 1151 (Fla. 2d DCA 1999) ("Once the funds were commingled and used for joint expenses, they lost their separate character and became untraceable."). See also Becker v. Becker, 639 So.2d 1082, 1084 (Fla. 5th DCA 1994) (holding that husband was unable to establish which portion of certain assets was nonmarital because the money used to purchase the assets came from an account in which marital and nonmarital money was commingled).
The wife's issue in which we find merit, and which was conceded by the husband, is the failure of the trial court to credit her contribution of $24,613 of her nonmarital funds toward the remodeling of the parties' marital home. Accordingly, we direct the trial court to credit the wife for this amount.
We affirm the remaining issues raised by the parties but not addressed in this opinion. We find that reasonable persons could differ as to the propriety of the trial court's action with regard to those issues, and therefore, we find no abuse of the court's broad discretion in this area of the law. See Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983). Our resolution of the issues we have addressed will necessitate the trial court's review and reexamination of all aspects of the final judgment of dissolution.
Affirmed in part, reversed in part, and remanded with directions.
CAMPBELL, A.C.J., and FULMER, J., Concur.