781 So.2d 505 (2001)
Manuel BINKER, Appellant,
v.
Caridad BINKER, Appellee.
Nos. 3D98-2536, 3D98-2531, 3D98-1623.
District Court of Appeal of Florida, Third District.
April 4, 2001.
*506 Robert F. Kohlman, Miami, for appellant.
Markowitz, Davis, Ringel & Trusty, Miami and Mark A. Gatica, for appellee.
Before JORGENSON, GERSTEN, and FLETCHER, JJ.
PER CURIAM.
Manuel Binker, the former husband, appeals from the final judgment of dissolution of marriage; the order denying the former husband's motion for a new trial or to amend the judgment; the order amending the equitable distribution schedule; and the order granting the former wife's motion for attorney's fees. We affirm.
After a careful review of the record, we find no abuse of discretion in the trial court's equitable distribution and award of permanent periodic alimony. See Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985). The trial court justified its distribution of marital assets and liabilities with factual findings supported by competent substantial evidence. See § 61.075(3), Fla. Stat. (1997); see also Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Nor do we find an abuse of discretion in the court's award of attorney's fees to the former wife. See Krasner v. Krasner, 339 So.2d 674, 675 (Fla. 3d DCA 1976)("The amount of attorney's fees awarded pursuant to a dissolution of marriage action is a matter largely within the trial judge's discretion; in the absence of a showing of an abuse of discretion as to the amount awarded, the appellate court will not substitute its judgment for that of the trial court."). The record demonstrates that the former husband is in a better position financially to pay the former wife's attorney's fees. See Canakaris, 382 So.2d at 1205; Rosen v. Rosen, 696 So.2d 697, 701 (Fla.1997); Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). The award is further warranted by the husband's litigation misconduct, as much of the legal fees are attributable to enforcement and contempt proceedings against the former husband, and several of his legal arguments totally lacked merit. See Rosen, 696 So.2d at 701; Diaz v. Diaz, 727 So.2d 954, 958 (Fla. 3d DCA 1998); Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA 1988); Taylor v. Taylor, 734 So.2d 473, 475 (Fla. 4th DCA 1999).
Affirmed.