WHATLEY, Acting Chief Judge.
The husband, Tiby M. Martin, appeals the final judgment of dissolution of the parties’ eight-month marriage. We find merit only in the issue of whether the trial court properly imposed a constructive trust for the benefit of the wife, Flavia Martin. Pursuant to the final judgment, the trial court imposed the constructive trust and ordered the husband to pay the wife $12,536 and, in addition, ordered the husband to convey title to a jointly-held timeshare unit to the wife. The timeshare was valued at $3,000. We reverse the imposition of the constructive trust.
*952 There are several reasons the imposition of a constructive trust was improper. First, the parties entered into an antenup-tial agreement, and the wife’s list of assets in that agreement did not designate any funds from which a constructive trust could result. Second, the wife’s funds, which were considered by the trial court in imposing the constructive trust, were commingled in a joint account before the marriage. Money is fungible and most difficult to trace. Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000). Third, a constructive trust was not pleaded or proven. Knecht v. Knecht, 629 So.2d 883 (Fla. 3d DCA 1993).
Accordingly, we reverse and quash that portion of the final judgment which ordered the husband to pay the wife $12,536 and to convey title to the timeshare unit to her. We remand this case with instructions that the trial court equitably distribute the marital assets that existed when the petition for dissolution of marriage was filed.
Affirmed in part, reversed in part, and remanded.
GREEN and CASANUEVA, JJ., Concur.