831 So.2d 257 (2002)
Elizabeth Dunn CISNEROS, Appellant,
v.
Oscar Hector CISNEROS, Appellee.
No. 3D02-1611.
District Court of Appeal of Florida, Third District.
November 27, 2002.
*258 Weiss, Handler & Rudolph; and Cynthia L. Greene, Miami, for appellant.
Greenman & Manz, and David Manz, Marathon, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and FLETCHER, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the Appellee's motion for rehearing, withdraw our opinion of September 25, 2002, and substitute the following:
Elizabeth Dunn Cisneros, wife, appeals the trial court's final judgment of dissolution of marriage. She raises four issues in this appeal. We reverse the lower court's award of a special equity in the marital residence to the husband, as well as the award of trial and appellate attorney's fees to the husband pursuant to section 57.105, Florida Statutes (2001), for his successful litigation and appeal of the domestic violence injunction issued by the trial court in this case.
As concerns the appellate attorney's fees, because no motion for attorney's fees was made in this court, the trial court was without jurisdiction to award the same. See Rados v. Rados, 791 So.2d 1130, 1131 (Fla. 2d DCA 2001). This is true even when such fees are sought pursuant to section 57.105, Florida Statutes (2001). See Alvarez, Armas & Borron v. Heitman, 770 So.2d 208, 210 (Fla. 3d DCA 2000). The trial court was also without jurisdiction to award trial level attorneys fees pursuant to section 57.105, Florida Statutes for the domestic violence proceeding. See Abraham v. Abraham, 700 So.2d 421, 422 (Fla. 3d DCA 1997); Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997).
The final judgment awards the husband a special equity in the wife's non-marital *259 real property because the husband devoted his labor to the wife's separate property. The reasoning behind this award presumes to be that his labors saved the parties $150,000.00, in the costs of construction. We conclude that this award was contrary to the provisions of section 61.075(5)(a)(2), Florida Statutes (2001), which defines this as marital appreciation. The trial court properly awarded the husband $35,000.00 as equitable distribution of the active appreciation of the wife's property. See Webb v. Webb, 636 So.2d 883 (Fla. 3d DCA 1994)("Marital appreciation of separately owned assets is subject to equitable distribution if either spouse expended marital labor on that asset...."); Heinrich v. Heinrich, 609 So.2d 94 (Fla. 3d DCA 1992)(appreciation of non-marital assets resulting from efforts by either party renders the appreciation a marital asset). Moreover, a special equity can arise only where one spouse's contribution to the other's property was from a source unconnected with the marital relationship. See White v. White, 820 So.2d 432 (Fla. 4th DCA 2002). In the present case, the husband's contribution to the wife's property was his labor, and was performed during the marriage. As such it cannot give rise to a special equity. Accordingly, we strike the special equity award from the final judgment.
Finding no abuse of discretion, we affirm both the award of attorneys fees under section 61.16, Florida Statutes (2001), and the award of primary custody of the parties minor children to the husband. See Flint v. Fortson, 744 So.2d 1217 (Fla. 4th DCA 1999); see also Cole Taylor Bank v. Shannon, 772 So.2d 546 (Fla. 1st DCA 2000).
Affirmed in part; reversed in part.