947 So.2d 607 (2007)
Michael A. RATIGAN, Appellant,
v.
Susan STONE and Paul Labiner, Appellees.
Nos. 3D03-3102, 3D03-2831.
District Court of Appeal of Florida, Third District.
January 10, 2007.
*608 Greene, Smith, & McMillan, and Cynthia L. Greene, Miami; and Steven N. Abramowitz, for appellant.
Nancy A. Hass, for appellee Susan Stone; Lawrence A. France, North Miami Beach, for appellee Paul Labiner and Paul Labiner, in proper person.
Before GERSTEN, GREEN and RAMIREZ, JJ.
PER CURIAM.
Michael A. Ratigan, (the former husband), appeals the trial courts amended final judgment of dissolution of marriage, denial of his motion for rehearing, and the trial courts award of attorneys fees to the former wife's fiancée, Paul Labiner, (Labiner). We affirm the amended final judgment and the denial of the motion for rehearing, but we reverse the attorneys fees award to Labiner.
A trial judge has broad discretion in awarding attorneys fees to one party or both parties in proceedings for a dissolution of marriage, support, or child custody. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997). The primary factor a judge considers is the financial resources of the parties. Rosen, 696 So.2d at 700.
Here, the trial judge reviewed the limited financial information provided. The trial judge determined that there was insufficient evidence to establish entitlement to attorneys fees for either party. Thus, we find that the trial judge properly denied the former husbands request for attorneys fees and affirm the amended final judgment.
In addition, a trial judge has discretion in awarding attorneys fees as sanctions for parties engaging in litigation misconduct. See Levy v. Levy, 862 So.2d 48 (Fla. 3d DCA 2003)(emphasis added); Binker v. Binker, 781 So.2d 505 (Fla. 3d DCA 2001). In Levy, this Court upheld an attorneys fees award as sanctions to the former wife after finding the former husband engaged in litigation misconduct by testifying in a misleading fashion, not being forthright with his financial affairs, and failing to abide by the trial courts orders. Levy, 862 So.2d at 52.
Here, the former husband was not forthright with his financial affairs and failed to comply with discovery requests. The trial judge found that the former husband engaged in wrong-doing throughout the trial. We find that the trial judge was justified in awarding attorneys fees as a sanction to the former wife, pursuant to section 57.105, Florida Statutes (2002). See 57.105, Fla. Stat. (2002). Thus, we affirm the trial judges denial of the motion for rehearing.
We find, however, that the trial judge erred in awarding attorneys fees to Labiner in the domestic violence injunction proceeding. Although we understand the trial courts frustration and outrage, there was no statutory authority to award attorneys fees as sanctions in the separately-filed domestic violence case. See Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000); Abraham v. Abraham, 700 So.2d 421 (Fla. 3d DCA 1997); Baumgartner v. Baumgartner, 693 So.2d 84 (Fla. 2d DCA 1997); Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997). Therefore, we reverse the award of attorneys fees award as sanctions to Labiner.
Accordingly, we affirm the amended final judgment and the denial of the motion for rehearing, but we reverse the attorneys fees award to Labiner.
Affirmed in part, reversed in part.