955 So.2d 1206 (2007)
George W. BIERLIN, Appellant,
v.
Richard LUCIBELLA, Appellee.
No. 4D06-1820.
District Court of Appeal of Florida, Fourth District.
May 9, 2007.
*1207 C. Bryce Albu and L. Martin Reeder, Jr. of Reeder & Reeder, P.A., Jupiter, for appellant.
Norman Malinski of the Law Offices of Norman Malinski, P.A., Aventura, for appellee.
PER CURIAM.
George Bierlin appeals the denial of motions for attorney's fees under Florida Statutes section 57.105. We reverse.
Richard Lucibella filed suit against Bierlin for an injunction under Florida Statutes section 784.046, addressing stalking (along with one other count that is not relevant to this appeal). Lucibella alleged that Bierlin directed mail, magazine subscriptions, and other published material to him, addressing it to "Dick H. Lucibella" and "D. Head Lucibella," over a period of six months which ended prior to the filing of the complaint.
Bierlin filed a motion to dismiss Lucibella's complaint for failure to state a cause of action, because the injunction count did not meet the statutory requirements for pleading under section 784.046 (including a sworn petition, the specific contents of the petition, and the form of the petition).
The filing of complaints and motions to dismiss went on until the third amended complaint (and until a fourth amended complaint on the other count), after which the trial court dismissed the injunction count and complaint with prejudice for failure to state a cause of action due to non-compliance with the pleading requirements of section 784.046. During the process of filing complaints and motions to dismiss, Bierlin also filed two motions seeking attorney's fees under section 57.105, and the trial court retained jurisdiction to rule on these motions in the order of dismissal.
Thereafter, Lucibella appealed the order of dismissal in Case No. 4D06-86, arguing that the pleading requirements of section 784.046 apply only when the petitioner is seeking an ex parte injunction. While that appeal was pending, the trial court considered Bierlin's section 57.105 motions, and Lucibella contended that the motions should be denied because he was not seeking an ex parte injunction. The trial court denied Bierlin's section 57.105 motions, concluding that the failure to state a cause of action alone was not a sufficient basis for section 57.105 attorney's fees and that Lucibella's complaints were "not so baseless and completely untenable as to be frivolous." Bierlin appealed the section 57.105 order in this case. This Court then disposed of the order of dismissal appeal by per curiam affirmance, see Lucibella v. Bierlin, 939 So.2d 111 (Fla. 4th DCA 2006), thereby rejecting Lucibella's ex parte injunction argument, and granted Bierlin's appellate motion for section 57.105 attorney's fees.
Trial court orders on motions for attorney's fees under section 57.105 are reviewed to determine whether the trial court abused its discretion on the issue of whether the complaint included justiciable *1208 issues of fact or law (because an award of attorney's fees becomes mandatory if the complaint included no justiciable issues, see Morton v. Heathcock, 913 So.2d 662, 668 (Fla. 3d DCA 2005)). See Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615 (Fla. 4th DCA 2006).
Section 57.105 provides for an award of attorney's fees when a party or his counsel knew or should have known that a claim was not supported by material facts or then existing law (with an exception for good faith arguments to change existing law). Bierlin contends that an award of section 57.105 attorney's fees was required in this case, because Lucibella repeatedly failed to meet the statutory pleading requirements for an injunction under section 784.046 in four separate complaints. See Maxwell Bldg. Corp. v. Euro Concepts, LLC, 874 So.2d 709 (Fla. 4th DCA 2004)(section 57.105 attorney's fees appropriate where party failed to state cause of action by raising identically-flawed claims through the third amended counterclaim). Lucibella responds that the failure to state a cause of action alone is not a sufficient basis for an award of section 57.105 attorney's fees, and that he was asserting a good faith argument for limiting the existing law regarding pleading requirements to ex parte injunctions.
We conclude that the trial court abused its discretion by finding justiciable issues of fact or law where none were present and denying Bierlin's section 57.105 motions. This case involved more than a dismissal for failure to state a cause of action. Rather, it involved a dismissal for failure to state a cause of action after four nearly identical attempts to do so and without presenting a justiciable issue of fact or law. Moreover, no cause of action could ever be stated in the form which Lucibella employed due to its non-compliance with the clear and mandatory statutory requirements of section 784.046. Additionally, Lucibella never asserted below that he was attempting to change the law to limit the statutory requirements to ex parte injunctions. Furthermore, it is telling that this Court granted section 57.105 attorney's fees on appeal of the dismissal order in Case No. 4D06-86. Therefore, we reverse and remand for the entry of an award of section 57.105 attorney's fees against Lucibella.
Reversed and Remanded.
GUNTHER, POLEN and HAZOURI, JJ., concur.