THOMPSON, J.
The appellant, John Dudley, challenges the trial court’s order denying his motion for relief from judgment or to set aside the court’s order denying him attorney’s fees pursuant to section 57.105, Florida Statutes (2005), based upon allegedly false statements made by the appellee, Ellen Schmidt, in her petition for injunction against repeat violence. We affirm.
There is no basis for the imposition of attorney’s fees in a proceeding for injunction against repeat violence under section 741.30, Florida Statutes (2005). Attorney’s fees cannot be awarded in a domestic violence injunction case. See Bane v. Bane, 775 So.2d 938, 942 n. 4 (Fla.2000) (citing Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000), Abraham v. Abraham, 700 So.2d 421 (Fla. 3d DCA 1997), Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997), and Baumgartner v. Baumgartner, 693 So.2d 84 (Fla. 2d DCA 1997)). See also Ratigan v. Stone, 947 So.2d 607, 608 (Fla. 3d DCA 2007) (holding trial court erred in awarding attorney’s fees in the domestic *298 violence injunction proceeding because there is no statutory authority to award fees as sanctions in such case); Geiger v. Schrader, 926 So.2d 432, 433 (Fla. 1st DCA 2006) (holding there is no provision for an award of attorney’s fees in a section 741.30 proceeding); Cisneros v. Cisneros, 831 So.2d 257, 258 (Fla. 3d DCA 2002) (holding trial court was without jurisdiction to award trial level attorney’s fees pursuant to section 57.105 for domestic violence proceeding).
AFFIRMED.
PALMER, C.J., and MONACO, J., concur.