VILLANTI, Judge,
Concurring.
I fully concur in this opinion but write to emphasize that this petition should never have been filed to begin with. The petition was filed because Mrs. Cordeiro claims she was “advised” to do so by “the police” when she called them to report her *238 problems with Mr. Polanco. The record does not reflect the actual contents of this phone call, and we only have Mrs. Cordei-ro’s sworn petition in support of this allegation, but if true, this “advice” was clearly improper. Rather, the police should have told Mrs. Cordeiro that this was a civil dispute and that she should consult an attorney. Having not received this advice, Mrs. Cordeiro proceeded pro se and, based upon her allegations, I seriously doubt she ever sought the advice of counsel.
Petitions for injunctions against repeat violence, or against domestic violence for that matter, are to be used only to rectify the egregious conduct outlined in the statutes themselves. See §§ 741.80, 784.046, Fla. Stat. (2009) (domestic violence and repeat violence respectively). These statutory provisions are not a panacea to be used to cure all social ills. In fact, nowhere in the statutory catalog of improper behavior is there a provision for court-ordered relief against uncivil behavior occurring at work or church, which was the crux of Mrs. Cordeiro’s complaint. See Gagnard v. Sticht, 886 So.2d 321, 822 (Fla. 4th DCA 2004) (noting that argumentative behavior that was extremely uncivil and threatening “fell short” of meeting the legal requirements of section 784.046).
Unfortunately, the current version of section 784.046 does not seem to permit the trial court to simply dismiss a sworn petition that does not allege facts that fall within the statutory language. Instead, section 784.046(5) requires that “[u]pon the filing of the petition, the court shall set a hearing to be held at the earliest possible time.” (Emphasis added.) The result is the use of scant judicial resources to conduct unnecessary hearings based on pleadings that could never support the issuance of an injunction. These same hearings often serve only to inflame the parties’ emotions and foster further uncivil behavior. I would encourage the legislature to consider amending the domestic violence and repeat violence statutes to allow judges to dismiss petitions that, on their face, do not contain allegations sufficient to meet the statutory requirements without prejudice to the petitioner refiling a legally sufficient petition if he or she can do so.[1]
Further, nowhere in section 784.046 is there any provision for an award of sanctions against a petitioner who uses the statutory provisions concerning injunctions as a sword rather than a shield.[2] While the lack of statutory sanctions may be a justifiable public policy, if abuses of the injunction process are to be curbed, then a petitioner who knowingly misuses or abuses “the system” should be ordered to pay any attorney fees incurred by the respondent when successfully challenging the petition.

. As it is currently worded, the repeat violence statute would require a full evidentiary hearing before a circuit court judge even if the petitioner simply signed his or her name to a blank form petition and filed it. In no other context does the law provide for an evidentiary hearing on the substance of a party’s claim in the absence of legally sufficient allegations. While I recognize that many respondents in this type of proceeding are not model citizens, they nevertheless have a due process right to notice of the alleged improper conduct that requires them to appear before the court. Hence, I am in favor of a modest statutory revision that would vest appropriate discretion in our trial judges to prevent wholly unnecessary hearings.

. I recognize that in certain instances, the trial court may be able to impose sanctions for abuses of the system either on its own motion under section 57.105(1), Florida Statutes (2009), see Bierlin v. Lucibella, 955 So.2d 1206, 1208 (Fla. 4th DCA 2007), or pursuant to its inherent authority.