CASANUEVA, Judge.
Marisol Fernandez, the Mother, appeals an order entered in the circuit court’s family law division involving Lewis Wright, the Father of the parties’ minor child. The order was entered after a hearing on the Mother’s supplemental petition for the modification of child support and the Father’s motion seeking additional time-sharing, attorney’s fees, and enforcement of a previous court order. We reverse that part of the order which permanently modifies one aspect of the parenting plan and remand for the trial court to note that this change is temporary. We also reverse that part of the order awarding the Father $4811.94 for attorney’s fees incurred in litigating domestic violence injunction cases. The remaining aspects of the order are affirmed.
On August 19, 2011, the parties filed a parenting plan and settlement agreement which provided that during the Father’s time-sharing week, the Mother was allowed to select three school-day afternoons to pick up the child from school and return the child to the Father by 6:30 p.m.[1] In the order on appeal, the circuit court found that the Mother had refused to comply with the parties’ time-sharing agreement and had wrongfully kept the child from the Father from December 16, 2011, through the date of the order, January 26, 2012. To allow the Father to recover this time that he had missed with the child, the trial court announced at the hearing that during the Father’s week with the child, the Mother’s right to pick up the child from school and keep the child with her until 6:30 p.m. would be suspended until the Father’s missed time with the child was recovered. However, the order reflects that this change is permanent. It states that “the Parenting Plan is hereby modified to dispense with the Mother’s selection of three (3) afternoons on the Father’s week. The Mother shall no longer pick the child up from school on three (3) days during the Father’s week, and will not otherwise be entitled to time-sharing during the Father’s week.” Because this portion of the written order is materially different from the trial court’s oral pronouncement, this part of the order must be reversed. See Leonard v. Leonard, 613 So.2d 1339, 1340 (Fla. 3d DCA 1993); Meyer v. Meyer, 525 So.2d 462, 464 (Fla. 4th DCA 1988). On remand, the trial court should clarify in the order that this change in the custody arrangement is temporary.
The trial court also ordered that the Mother reimburse the Father for attorney’s fees in the amount of $6610.50, even though this amount included $4811.94 for fees incurred in three domestic violence cases that were not a part of this family law case. This was improper. The statute creating a cause of action for an injunction for protection against domestic violence, § 741.30, Fla. Stat. (2011), does not provide for an award of attorney’s fees. See Baumgartner v. Baumgartner, 693 So.2d 84, 85 (Fla. 2d DCA 1997) (noting that section 741.30(2)(c) “clearly contemplates a streamlined pro se proceeding”). In an appeal of a final judgment of dissolution of marriage, this court has specifically held that “[ajttorney’s fees cannot be awarded for services rendered by counsel in a separately filed domestic violence injunction case.” Belmont v. Belmont, 761 So.2d 406, 407 (Fla. 2d DCA 2000). Therefore, the trial court abused its discretion in awarding fees to the Father for work re *231 lated to the petitions for domestic violence injunctions filed by the Mother.
Although we reverse the award of fees for the injunction cases, we recognize that the power to amend section 741.30 to allow an award of attorney’s fees rests with the legislature.[2] As the First District stated in Lewis v. Lewis, 689 So.2d 1271, 1274 (Fla. 1st DCA 1997), “many of the public policy reasons for granting attorney’s fees in a chapter 61 proceeding exist in a domestic violence proceeding. This is a matter, however, that should be dealt with by the Legislature rather than the courts.” See Baumgartner, 693 So.2d at 86 (holding that the power to amend the statutory cause of action for an injunction for protection against domestic violence belongs to the legislature).
Accordingly, that part of the order modifying the parenting plan to dispense with the Mother’s opportunity to see the child after school three afternoons during the Father’s week is reversed and remanded for the trial court to note that this change is temporary. Further, that part of the order awarding the Father $1798.56 for attorney’s fees incurred in this family law case is affirmed, but the award of $4811.94 for attorney’s fees incurred in the domestic violence injunction cases is reversed. The order is otherwise affirmed.
Affirmed in part, reversed in part, and remanded with directions.
KELLY and MORRIS, JJ„ Concur.

. There were restrictions and limitations placed on this arrangement that are not pertinent to this appeal.

. In the present case, the trial court made a finding in a previous order that the Mother showed a pattern of circumventing the parenting plan by filing petitions for domestic violence and then dismissing them at her convenience.