LEWIS, J.
Appellant, Sean Hall, appeals the trial court’s order denying his motion for section 57.105 attorney’s fees and sanctions. We agree with Appellant that the trial court erred in ruling that attorney’s fees pursuant to section 57.105, Florida Statutes, cannot be awarded in an action for injunction for protection against violence; therefore, we reverse the trial court’s order.[1]
Appellee, Nicole Lopez, filed against Appellant an amended petition for injunction for protection against repeat violence pursuant to section 784.046, Florida Statutes. After the trial court had entered a temporary injunction, Appellant filed a motion for attorney’s fees and sanctions against Appellee and her attorney pursuant to section 57.105, Florida Statutes. Thereafter, Appellee voluntarily dismissed the action, and the trial court retained jurisdiction to consider Appellant’s motion for attorney’s fees. Following a hearing on the legal issue of whether a court may award attorney’s fees under section 57.105 in a repeat violence injunction action, the trial court entered an order denying Appellant’s motion for fees. In its order, the trial court reasoned as follows:
Section 57.105 attorney’s fees may be awarded as a sanction in a variety of types of actions.... Such fees may not, however, be awarded in an action for an injunction for protection against violence. Cisneros v. Cisneros, 831 So.2d 257 (Fla. 3d DCA 2002) (“The trial court was also without jurisdiction to award trial level attorney’s fees pursuant to section 57.105, Florida Statutes, for the domestic violence [injunction] proceeding.”) In support of that proposition, the Cisneros court cited the First District case of Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997).
After discussing Ratigan v. Stone, 947 So.2d 607 (Fla. 3d DCA 2007), the trial court further explained:
The only basis upon [which] the [Appellant’s] Motion for Section 57.105 Attorney’s Fees and Sanctions seeks fees and sanctions is the cited statute. Like section 741.30, Fla. Stat., the domestic violence injunction statute, section 784.046, Fla. Stat., does not authorize an award of attorney’s fees on any basis, and the case law interpreting section 784.046 makes it plain that “nowhere in section 784.046 is there any provision for an award of sanctions against a petitioner who uses the statutory provisions con *1005 cerning injunctions as a sword rather than a shield.”
This appeal followed.
A trial court’s order on attorney’s fees pursuant to section 57.105(1), Florida Statutes, is generally reviewed for an abuse of discretion; however, such an order is reviewed de novo to the extent it is based on an issue of law. Blue Infiniti, LLC v. Wilson, 170 So.3d 136, 139 (Fla. 4th DCA 2015); see also Wells v. Halmac Dev., Inc., 189 So.3d 1015, 1019 (Fla. 3d DCA 2016).
Section 57.105, Florida Statutes (2013), provides in pertinent part:
(1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
[[Image here]]
(6) The provisions of this section are supplemental to other sanctions or remedies available under law or under court rules.
Chapter 741, Florida Statutes, governs marriage and domestic violence, and section 741.30, Florida Statutes (2013), governs domestic violence injunctions. Chapter 784, Florida Statutes, governs assault, battery, and culpable negligence, and section 784.046, Florida Statutes (2013), governs actions for repeat, sexual, and dating violence injunctions.
In Cisneros v. Cisneros, 831 So.2d 257, 258 (Fla. 3d DCA 2002), a case upon which the trial court relied, the Third District reversed an award of trial and appellate attorney’s fees pursuant to section 57.105 for the appellee’s successful litigation and appeal of a domestic violence injunction for the following reasons:
As concerns the appellate attorney’s fees, because no motion for attorney’s fees was made in this court, the trial court was without jurisdiction to award the same.... The trial court was also without jurisdiction to award trial level attorneys fees pursuant to section 57.105, Florida Statutes for the domestic violence proceeding. See Abraham v. Abraham, 700 So.2d 421, 422 (Fla. 3d DCA 1997); Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997).
Cisneros relied on Abraham v. Abraham, 700 So.2d 421, 422 (Fla. 3d DCA 1997), where the Third District concluded that the trial court had abused its discretion in awarding attorney’s fees to the appellee for services her attorneys rendered in a domestic violence proceeding that was filed and litigated before the dissolution proceeding at issue, and in a footnote emphasized the language in section 61.16(1), Florida Statutes, permitting an award of fees related to a proceeding “under this chapter.”
Cisneros also relied on Lewis v. Lewis, 689 So.2d 1271, 1271 (Fla. 1st DCA 1997), where this Court reversed an injunction against domestic violence that awarded custody of the parties’ minor children to the appellee upon concluding that the appellant was improperly denied an adequate hearing pursuant to section 741.30. There, this Court also denied the appel-lee’s request for appellate attorney’s fees made pursuant to Florida Rule of Appel *1006 late Procedure 9.400 and Chapter 61, Florida Statutes, because the appellate rule “does not provide independent authority for granting attorney’s fees,” the action involved a Chapter 741 not a Chapter 61 proceeding, and “Chapter 741 contains no provision authorizing the award of attorney’s fees.” Id. at 1272-73. The Court noted, “In denying this request, we are not unaware that many of the public policy reasons for granting attorney’s fees in a chapter 61 proceeding exist in a domestic violence proceeding. This is a matter, however, that should be dealt with by the Legislature rather than the courts.” Id. at 1274; see also Fernandez v. Wright, 111 So.3d 229, 230-31 (Fla. 2d DCA 2013) (finding that the trial court abused its discretion in awarding attorney’s fees to the appellee for work related to the appellant’s petitions for domestic violence injunctions, but affirming the award of fees incurred in the parties’ family law case, because “the statute creating a cause of action for an injunction for protection against domestic violence, § 741.30, Fla. Stat. (2011), does not provide for an award of attorney’s fees”) (citing Baumgartner v. Baumgartner, 693 So.2d 84 (Fla. 2d DCA 1997), and Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000)); Geiger v. Schrader, 926 So.2d 432, 433 (Fla. 1st DCA 2006) (“Appellee has also filed a cross appeal, alleging that the trial court erred in declining to award attorney’s fees against appellant in the injunction order. However, because there is no provision for an award of attorney’s fees in a section 741.30, Florida Statutes, proceeding, this cross appeal is without merit. See Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997) (denying an award of attorney’s fees in a section 741.30, Florida Statutes, proceeding).”); Belmont v. Belmont, 761 So.2d 406, 407 (Fla. 2d DCA 2000) (reversing on appeal from a final judgment of dissolution of marriage the portion of the attorney’s fees award related to a separately filed domestic violence injunction case) (citing Lewis); Baumgartner v. Baumgartner, 693 So.2d 84, 85 (Fla. 2d DCA 1997) (“The cause of action created in section 741.30 does not provide for an award of attorneys’ fees.”). Cf. Bane v. Bane, 775 So.2d 938, 942 n. 4 (Fla.2000) (“[T]he important distinction between these cases [Belmont, Baumgartner, Lewis, and Abraham ] and the present case is that the cases concerning domestic violence injunction proceedings all involved an independent action under chapter 741, and none of the actions were filed under chapter 61 or pertained to enforcement or modification of the final judgment of dissolution. In making this distinction, we note that the issue of whether attorney’s fees are authorized in a domestic violence injunction proceeding is not before us, and therefore we neither approve nor disapprove of these cases.”).
Similarly, in Ratigan v. Stone, another case upon which the trial court relied, the Third District found that the trial court was justified in awarding section 57.105 fees as sanctions in the dissolution proceeding, but erred in awarding such fees in the domestic violence injunction proceeding because there was no statutory authority for the award. 947 So.2d 607, 608 (Fla. 3d DCA 2007) (citing Belmont, Abraham, Baumgartner, and Lewis). Furthermore, in Dudley v. Schmidt, 963 So.2d 297, 297-98 (Fla. 5th DCA 2007), the Fifth District affirmed the trial court’s denial of section 57.105 attorney’s fees relating to a petition for injunction against repeat violence as follows:
There is no basis for the imposition of attorney’s fees in a proceeding for injunction against repeat violence under section 741.30, Florida Statutes (2005). Attorney’s fees cannot be awarded in a domestic violence injunction case. See Bane v. Bane, 775 So.2d 938, 942 n. 4 (Fla.2000) (citing Belmont v. Belmont, *1007 761 So.2d 406 (Fla. 2d DCA 2000), Abraham v. Abraham, 700 So.2d 421 (Fla. 3d DCA 1997), Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997), and Baumgartner v. Baumgartner, 693 So.2d 84 (Fla. 2d DCA 1997)). See also Ratigan v. Stone, 947 So.2d 607, 608 (Fla. 3d DCA 2007) (holding trial court erred in awarding attorney’s fees in the domestic violence injunction proceeding because there is no statutory authority to award fees as sanctions in such case); Geiger v. Schrader, 926 So.2d 432, 433 (Fla. 1st DCA 2006) (holding there is no provision for an award of attorney’s fees in a section 741.30 proceeding); Cisneros v. Cisneros, 831 So.2d 267, 258 (Fla. 3d DCA 2002) (holding trial court was without jurisdiction to award trial level attorney’s fees pursuant to section 57.105 for domestic violence proceeding).
On the other hand, in Bierlin v. Lucibella, 955 So.2d 1206, 1207 (Fla. 4th DCA 2007), a case involving a Chapter 784 proceeding, the Fourth District reversed the denial of the appellant’s section 57.105 motions for fees. The appellee filed suit against the appellant for an injunction under section 784.046, which the trial court dismissed with prejudice for failure to state a cause of action. Id. While that dismissal was pending on appeal, the trial court denied the appellant’s section 57.105 motions for fees, which was the subject of this second appeal. Id. In the first appeal, the Fourth District affirmed the dismissal and granted the appellant’s motion for section 57.105 appellate attorney’s fees. Id. In the second appeal, the court reversed the denial of the appellant’s section 57.105 motions, explaining:
We conclude that the trial court abused its discretion by finding justiciable issues of fact or law where none were present and denying Bierlin’s section 57.105motions. This case involved more than a dismissal for failure to state a cause of action. Rather, it involved a dismissal for failure to state a cause of action after four nearly identical attempts to do so and without presenting a justiciable issue of fact or law. Moreover, no cause of action could ever be stated in the form which Lucibella employed due to its non-compliance with the clear and mandatory statutory requirements of section 784.046. Additionally, Lucibella never asserted below that he was attempting to change the law to limit the statutory requirements to ex parte injunctions. Furthermore, it is telling that this Court granted section 57.105attorney’s fees on appeal of the dismissal order in Case No. 4D06-86. Therefore, we reverse and remand for the entry of an award of section 57.105 attorney’s fees against Lucibella.
Id. at 1208.
Turning to the case before us, the trial court was correct in observing that section 784.046, like section 741.30, does not authorize an award of attorney’s fees, and Cisneros and Ratigan support its conclusion that attorney’s fees pursuant to section 57.105 may not be awarded in an action for injunction against violence. However, in concluding that the trial court lacked authority to award attorney’s fees pursuant to section 57.105 in the domestic violence proceeding, Cisneros cited Abraham and Lewis and Ratigan relied on Belmont, Baumgartner, Abraham, and Lewis—cases that did not pertain to an award of fees pursuant to section 57.105. As such, those cases are inapposite. Given the absence of a statutory provision providing that an award of attorney’s fees pursuant to section 57.105 is impermissible in a Chapter 784 (or Chapter 741) proceeding, and in light of the language in section 57.105that its provisions apply to civil proceedings/actions and are supplemental to other sanctions/remedies, we hold that an award of attorney’s fees pursuant to section 57.105 is not prohibited in an action *1008 under section 784.046. We recognize that this holding conflicts with the Fifth District’s opinion in Dudley and with the Third District’s opinions in Ratigan and Cisneros, and we certify conflict with those decisions.
Accordingly, we REVERSE the trial court’s order, REMAND for a hearing on Appellant’s entitlement to attorney’s fees as sanctions, and CERTIFY CONFLICT.
WETHERELL and RAY, JJ., concur.

. Although we reject without discussion Appellant’s second argument that the trial court erred in not considering sanctions under its inherent authority, we note that a trial court has a limited inherent authority to assess attorney’s fees against an attorney or party for bad faith conduct, but "if a specific statute or rule applies, the trial court should rely on the applicable rule or statute rather than on inherent authority.” Moakley v. Smallwood, 826 So.2d 221, 224-27 (Fla.2002).